Joseph J. DePalma
Katrina Blumenkrants
LITE DEPALMA GREENBERG & RIVAS, LLC
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
Telephone: (973) 623-3000
jdepalma@ldgrlaw.com
kblumenkrants@ldgrlaw.com

B. Newal Squyres
HOLLAND & HART LLP
101 S. Capitol Blvd., Suite 1400
P.O. Box 2527
Boise, ID 83701
Telephone: (208) 342-5000
nsquyres@hollandhart.com

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| JEFF BENSON, Individually and on behalf of all others similarly situated, | **Case No. 07-428-S-EJL** |
| Plaintiffs,<br>v.<br>ATLAS MINING COMPANY, WILLIAM T. JACOBSON, AND ROBERT DUMONT,<br>Defendants. | **MEMORANDUM IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| PAUL BERGER, Individually and on behalf of all others similarly situated, | **Case No. 07-449-MHW** |
| Plaintiffs,<br>v.<br>ATLAS MINING COMPANY, WILLIAM T. JACOBSON, AND ROBERT DUMONT,<br>Defendants. | |

| | |
|---|---|
| DANIEL J. O'HERN, SR., Individually and on behalf of all others similarly situated, | Case No. 07-503-N-LMB |
| Plaintiffs, | |
| ATLAS MINING COMPANY, WILLIAM T. JACOBSON, AND ROBERT DUMONT, | |
| Defendants. | |

## INTRODUCTION

The above-captioned actions (the "Related Actions") are securities purchaser class action lawsuits that have been brought against Atlas Mining Company ("Atlas" or the "Company") and certain officers and/or directors of the Company for violations of Sections 20(a) and 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder.  Investors James O'Hern and John O'Hern ("Movants" or the "O'Hern Group") respectfully submit this memorandum of law in support of the O'Hern Group's motion pursuant to § 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA, for an order: (1) consolidating the Related Actions and any other class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing the O'Hern Group to serve as Lead Plaintiff on behalf of a proposed class of purchasers of the publicly traded common stock of Atlas during the period March 31, 2005 through October 8, 2007[1] (the "Class

---

[1] The Related Actions each list the Class Period as March 31, 2005 through October 9, 2007. Based upon the O'Hern Group's review, the end date of the class period should be October 8, 2007, given that the Company's disclosures occurred early on October 9, 2007, before the opening of the market.

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 2**

Period"); (3) approving the O'Hern Group's selection of Lite DePalma Greenberg & Rivas, LLC ("Lite DePalma") to serve as Lead Counsel for the Class; and (4) approving the O'Hern Group's selection of Holland & Hart, LLP ("Holland & Hart") to serve as Liaison Counsel for the Class.

## PRELIMINARY STATEMENT

Movants are the "most adequate plaintiff[s]," as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"). Individually and collectively, they have suffered substantial losses as a result of their purchases of the Atlas securities at issue in this lawsuit. Together, their losses are approximately $92,589.75 -- the greatest loss of any plaintiff who has brought suit to date. See DePalma Decl.[2], at Exhibit C. Appointing such a group as Lead Plaintiff is precisely what the framers of the PSLRA intended to accomplish, *i.e.,* the appointment of an investor group with a large financial interest to serve as lead plaintiff in a class action arising under the federal securities laws.[3] Movants are presumptively the most adequate plaintiffs under the PSLRA because they have the most significant financial interest to prosecute claims on behalf of the Class, and should thus be appointed as the Lead Plaintiffs here.

Further, Movants are sophisticated investors who have the desire, ability and resources to be active participants in the monitoring of this class action so that a maximum recovery for the putative class is obtained. To that end, each member of the O'Hern Group has submitted a

---

[2] The accompanying Declaration of Joseph J. DePalma dated December 11, 2007 and filed herewith shall be referred to herein as the "DePalma Decl."

[3] The losses suffered by Movants are not the same as their legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certifications submitted by Movants and based upon reference to information concerning the current market for the Company's securities.

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 3**

certification demonstrating his desire to serve as lead plaintiff in this action and his understanding of the attendant duties and obligations of serving as such.  *See* DePalma Decl. at Exhibit A.  Movants meet the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the class, and they will fairly and adequately represent the interests of the class.  The O'Hern Group has selected and retained the law firms of Lite DePalma as Lead Counsel and Holland & Hart as Liaison Counsel.  Each of these firms is highly experienced in securities and class action litigation.  *See* DePalma Decl. at Exhibit C.

Because they otherwise satisfy the requirements of Rule 23, Movants should be appointed as Lead Plaintiffs to pursue this litigation on behalf of the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced in this jurisdiction on or about October 11, 2007.[4]  Pursuant to 15 U.S.C. §77z-4(a)(3)(A)(i), on, October 12, 2007, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff within 60 days.  *See* DePalma Decl. at Exhibit B.

The O'Hern Group now timely files this motion on December 11, 2007, within the 60 day period following publication on October 12, 2007 of the first notice pursuant to the PSLRA.

---

[4] Upon all information and belief, the first filed lawsuit against defendants, *Benson v. Atlas Mining Co., et al.*, Case No. 07-428-S-EJL, was filed in the District of Idaho on October 11, 2007.

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS;
(2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 4**

**STATEMENT OF FACTS**

Atlas is a natural resources company based in Osburn, Idaho, that engages in the acquisition, exploration, and development of its resource properties in Idaho and Utah.[5] Atlas primarily develops the Dragon Mine in Juab County, Utah. The Dragon Mine property has been principally exploited for halloysite clay, a rare and high unit value clay mineral. The Company also provides contract mining services and specialized civil construction services for mine operators, exploration companies, and construction and natural resources industries.

This litigation against Atlas and certain Atlas officers stems from Atlas's improper accounting manipulations of reported earnings. On October 9, 2007 before market open, the Company shockingly revealed that its prior financial statements for the fiscal years ended December 31, 2004, 2005 and 2006 were materially false and misleading and had to be restated. The restatements were necessary, as admitted by the Company, because Atlas had wrongfully inflated its revenues and under-reported net losses and long-term liabilities by improperly recognizing as revenues *future* deliveries of halloysite clay from Atlas's Dragon mine that were never delivered.

As Atlas first revealed its misconduct to the market place by the Company's October 9, 2007 announcement, the price of Atlas shares fell precipitously. On October 8, 2007 the Company's stock closed trading at $1.64 per share with 52,700 shares trading that day. The following day—the day the Company issued its press release—Atlas' stock opened trading at

---

[5] The factual recitation herein summarizes the allegations made by Named Plaintiff Daniel J. O'Hern in the Related Action captioned, *O'Hern v. Atlas Mining Co., et al.*, Case No. 07-503-LMB.

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS;
(2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 5**

$1.06 per share and closed at $.80 a share, or down over 51% from the previous days' close, on a share trading volume of 6,418,299 shares.

On October 11, 2007, the first class action lawsuit was filed in this District against Atlas and two Atlas officers, William T. Jacobson and Robert Dumont.  The lawsuit, captioned *Benson v. Atlas Mining Co., et al*., Case No. 07-428-S-EJL, alleged Defendants' accounting improprieties and various violations of the Exchange Act and Rule 10b-5 thereunder.  The subsequently-filed Related Actions-- *Berger v. Atlas Mining Co., et al*., Case No. 07-449-MHW, and *O'Hern v. Atlas Mining Co., et al*., Case No. 07-503-N-LMB —name the same defendants, allege very similar factual events and assert identical legal claims.

## ARGUMENT

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED.

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired Atlas securities during the Class Period in reliance on Defendants' materially false and misleading statements and omissions.  Consolidation is appropriate when, as here, there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); *Investors Research Co. v. United States Dist. Ct. for Cent. Dist. Of Cal*., 877 F.2d 777, 777 (9th Cir. 1989).  That test is met here, and thus, the Related Actions should be consolidated.

II.     THE O'HERN GROUP SHOULD BE APPOINTED LEAD PLAINTIFF.

A.      The Procedural Requirements Pursuant To The PSLRA.

The PSLRA establishes a detailed procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS;
(2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 6**

to the Federal Rules of Civil Procedure." §§21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§78u-4(a)(1) and (a)(3)(B)(ii).

First, the plaintiff who files the initial action must publish notice to the class informing class members of their right to file a motion for appointment of lead plaintiff, §21D(a)(3)(A)(i), 15 U.S.C. §78u-4(a)(3)(A)(i).  Plaintiff in the first-filed action properly published a notice on *Market Wire* on October 12, 2007.  See DePalma Decl. at Exhibit B.[6]  As provided in that notice, within 60 days after publication of the notice, any person or group of persons who are members of the proposed class were afforded the opportunity to apply to the Court to be appointed lead plaintiffs. §21D(a)(3)(A)(i)(II), 15 U.S.C. §78u-4(a)(3)(A) and (B).  Accordingly, this motion is timely filed on December 11, 2007, within 60 days of the date of publication.

Second, the PSLRA provides that within 90 days after publication of notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. §21D(a)(3)(B)(i), 15 U.S.C. §78u-4(a)(3)(A)(B).  In determining the "most adequate plaintiff," the Act provides that the Court should consider the following statutory factors:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice;

---

[6] *Market Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *See e.g., Richardson v. TVIA, Inc.,* No. C 06 6304, 2007 WL 1129344 at *3 (N.D. Cal. April 16, 2007)(holding that *Yahoo!Finance* notice was sufficient to satisfy PSLRA notice requirement.)

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS;
(2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 7**

>> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
>> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

§21D(a)(3)(B)(iii), 15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally, In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002)(under the PSLRA, the most adequate plaintiff is "the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23.").

### B. The O'Hern Group Satisfies All Lead Plaintiff Requirements And Is The "Most Adequate" Plaintiff Under The PSLRA.

#### 1. The O'Hern Group Has Complied With The Provisions Of The PSLRA.

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. § 78u-4(a)(3)(A) and (B) expires on December 11, 2007.  Pursuant to the PSLRA and within the time frame after publication of the required notice (published on October 12, 2007), Movants timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the Class.

Each of the members of the O'Hern Group has duly signed a certification stating that he has reviewed a complaint filed in this matter and is willing to serve as a representative party on behalf of the Class.  *See* DePalma Decl., Exhibit A.  In addition, Movants have selected and retained experienced and competent counsel to represent them and the class.  *See* DePalma Decl., Exhibit C.

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 8**

Accordingly, the O'Hern Group has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(B) and is entitled to have its application for appointment as Lead Plaintiff and its selection of counsel, as set forth herein, considered and approved by the Court.

### 2. The O'Hern Group Has The Largest Financial Interest In The Relief Sought By The Class.

Movants possess the largest financial interest in the outcome of this litigation, and, therefore, are presumed to be the "most adequate" plaintiffs. Although the PSLRA is silent as to the manner in which the "largest financial interest" should be calculated, courts have noted that four factors are surely relevant to this inquiry:

> (1) the number of shares; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs.

*In re Milestone Scientific Secs. Litig.*, 183 F.R.D. 404, 413 (D.N.J. 1998), *quoting Lax v. First Merchs. Acceptance Corp.,* No. 97 C 2715, 1997 WL 461036 at *5 (N.D. Ill. Aug. 11, 1997).

The O'Hern Group clearly has the largest financial interest here. As noted above, the group has suffered losses of approximately $92,589.75 in their investments, which constitutes the largest financial interest in this litigation. Such losses are certainly significant enough to ensure that Movants have a sufficient financial stake to remain active participants in this action and oversee its vigorous prosecution by counsel. As of the date of this filing, Movants have not received any notice that any other potential applicant has sustained a greater financial loss in connection with their transactions in the securities at issue in this action, nor have they been served with any papers on behalf of any other movant for Lead Plaintiff in this case. Under these circumstances, the O'Hern Group satisfies all the PSLRA's prerequisites for appointment as the presumptive "most adequate plaintiff" here.

       **3.**     **Movants Have Made A Substantial Showing That They Satisfy The Adequacy And Typicality Requirements of Federal Rule of Civil Procedure 23.**

The third prong of the "most adequate plaintiff" test is that lead plaintiffs must otherwise satisfy the requirements of Rule 23 of the Federal Rule of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

    (1)    the class is so numerous that joinder of all members is impracticable,

    (2)    there are questions of law or fact common to the class,

    (3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

    (4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative and are thus relevant considerations on this lead plaintiff motion. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002); *Armour v. Network Assocs.*, 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001). As detailed below, Movants satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying appointment of the O'Hern Group as Lead Plaintiff.

       **(a)**     **The O'Hern Group Will Fairly And Adequately Protect The Interests Of The Class.**

With respect to adequacy of representation requirement of Rule 23(a)(4), the Ninth Circuit has noted that adequate representation "depends on the qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 10**

absentees, and the unlikelihood that the suit is collusive." *Linney v. Cellular Alaska Partnership*, 151 F.3d 1234, 1239 (9th Cir. 1998)(quoting *Brown v. Ticor Title Ins. Co.*, 982 F.2d 386, 390 (9th Cir. 1992).

The interests of the O'Hern Group are clearly aligned with those of the class, and there is no evidence of any conflict of interest between the O'Hern Group and any other member of the class. Movants have already taken significant steps which demonstrate they have protected and will protect the interests of the Class: each member of the O'Hern Group has signed a certification evidencing the willingness to serve as class representative, and; the O'Hern Group has moved this Court to be appointed as lead plaintiff and has retained competent and experienced counsel to prosecute their claims. Furthermore, the O'Hern Group's financial stake in the recovery of claims provides significant and compelling evidence that its interests in prosecuting this action are aligned with the interests of the purchasers of the securities at issue in this lawsuit.

> **(b)  The O'Hern Group's Claims Are Typical Of Those Of The Class.**

The typicality requirement of Rule 23(a) of the Federal Rules of Civil Procedure is satisfied when a plaintiff's claims arise from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. *See Schonfield v. Dendreon Corp.*, No. C07-800MJP, 2007 WL 2916533, at *4 (W.D. Wash. Oct. 4, 2007). Rule 23 does not require that the lead plaintiff be identically situated with all class members. Indeed, the Ninth Circuit has recognized on more than one occasion that "[s]ome degree of individuality is to be expected in all cases, but that specificity does not

necessarily defeat typicality." *Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214, 1232 (9th Cir. 2007)(citing *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003).

Here, the O'Hern Group satisfies Rule 23 because, like other class members, the group members purchased Atlas common stock in reliance on defendants' misrepresentations and were damaged thereby. Thus, their claims are typical, if not identical, to those of the other members of the class because Movants "suffered losses similar to those of other class members" and "their losses allegedly result from the [defendants'] common course of conduct." *In re Milestone Scientific*, 183 F.R.D. at 415. *See generally, Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *American Employers' Ins. Co. v. King Resources Co.*, 545 F.2d 1265, 1268 (10th Cir. 1986).

Because the O'Hern Group satisfies each of the prerequisites of the PSLRA, §21D(a)(3)(B)(iii), 15 U.S.C. §78u-4(a)(3)(B)(iii), it should be appointed Lead Plaintiff for the class herein.

> **C.  Counsel Selected By the O'Hern Group Are Well Qualified And Should Be Appointed to Represent the Class.**

Pursuant to the PSLRA, §21D(a)(3)(v), 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class. There is a "strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." *In re Wireless Facilities, Inc. Secs. Litig.*, No. 07cv482, 2007 WL 2300861, at *2 (S.D. Cal. Aug. 8, 2007)(quoting *In re Cendant Corp., Litig.*, 264 F. 3d 201, 276 (3d Cir. 2001). Here, The O'Hern group has selected and retained the law firms of Lite DePalma as lead counsel and Holland & Hart as liaison counsel for the Class. These firms are very qualified litigators and have selected team members with extensive

experience in prosecuting complex securities actions and other class action litigation. As such, they are well qualified to represent the Class. *See* Exhibits D and E.

Accordingly, the appointment of Lite DePalma as lead counsel and Holland & Hart as liaison counsel is proper.

## CONCLUSION

For the foregoing reasons, Movants respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against Defendants; (b) appoint the O'Hern Group as Lead Plaintiff; (c) approve Lite DePalma as Lead Counsel for the Class; and (d) approve Holland & Hart as Liaison Counsel for the Class.

Dated this 11th of December, 2007

By: _____/S/_____
B. Newal Squyres
of Holland & Hart LLP


Joseph J. DePalma
Katrina Blumenkrants
LITE DEPALMA GREENBERG
& RIVAS LLC

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of December 2007, I caused to be served an electronic true and correct copy of the foregoing to the following:

Bruce Bistline, Esq.
Phillip Howard Gordon, Esq.
GORDON LAW OFFICES
Email: bbistline@gordonlawoffices.com
       pgordon@gordonlawoffices.com

Mary Ellen Hennessy, Esq.
Dawn Canty, Esq.
KATTEN MUCHIN ROSENMAN LLP
Email: maryellen.hennessy@kattenlaw.com
       dawn.canty@kattenlaw.com

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
THE ROSEN LAW FIRM, P.A.
Email: pkim@rosenlegal.com
       lrosen@rosenlegal.com

Stephen R. Thomas, Esq.
MOFFATT THOMAS BARRETT ROCK
  & FIELDS
Email: srt@moffatt.com

Maya Saxena
Joseph E. White III
SAXENA WHITE P.A.
Email: msaxena@saxenawhite.com
       jwhite@saxenawhite.com

Kevin J. Scanlan, Esq.
Bryan A. Nickels, Esq.
HALL FARLEY OBERRECHT & BLANTON, P.A.
Email: kjs@hallfarley.com
       ban@hallfarley.com

Thomas A. Banducci, Esq.
Wade L. Woodard, Esq.
BANDUCCI WOODARD SCHWARTZMAN
Email: tbanducci@bwslawgroup.com
       wwoodard@bwslawgroup.com

W. Adam Duerk
MILODRAGOVICH, DALE, STEINBRENNER &
  NYGREN, P.C.
Email: aduerk@bigskylawyers.com


_____/S/_____
for HOLLAND & HART LLP


3801782_1.DOC


**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE O'HERN GROUP'S MOTION FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT OF LEAD PLAINTIFF; AND (3) APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL - 14**