**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| IN RE:<br><br>ATLAS MINING COMPANY,<br>SECURITIES LITIGATION | Civil Action No. 07-428-N-EJL<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Lead Plaintiffs James O'Hern and John O'Hern bring this action against Defendant Chisholm, Bierwolf & Nilson, LLC ("CBN") alleging violations of Section 10b of the Securities and Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. CBN was employed as an outside auditor to provide independent opinions on financial statements for Atlas Mining Company ("Atlas"). The Plaintiffs allege that CBN's opinions that the financial statements for the years 2004, 2005 and 2006 fairly presented Atlas's financial condition were materially false and misleading because the financial statements did not comply with Generally Accepted Accounting Principles ("GAAP") and/or Generally Accepted Auditing Standards ("GAAS").

CBN filed a Motion to Dismiss, relying on Federal Rules of Civil Procedure 12(b)(6) and 9(b), and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"). On June 2, 2009, United States Magistrate Judge

Mikel H. Williams issued a Report and Recommendation, recommending that the Motion to Dismiss be granted. The Plaintiffs have filed objections to Magistrate Judge Williams' recommendation.[1]

Any party may challenge a magistrate judge's proposed recommendation regarding a dispositive motion by filing written objections within ten days after being served with a copy of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. Id.; see also Fed. R. Civ. P. 72(b).

**Background**

The background of this case is covered in detail by the Report and Recommendation and the Court will only briefly summarize the Plaintiffs' allegations as set forth in the First Amended Consolidated Class Action Complaint ("FAC").

Atlas is a natural resources company based in Osborn, Idaho. Among other enterprises, Atlas owns and operates the Dragon Mine in Juab County, Utah. Atlas

---

[1] The magistrate judge also recommended that the Plaintiff"s Motion to Strike All References to CBN Exhibit 4 be denied. The Plaintiffs have not objected to this recommendation, (see Pls.' Objection at 4), and therefore it will be adopted by the Court, see United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003).

represented that the Dragon Mine was the only known commercial source of halloysite clay outside of New Zealand. Halloysite is used in the manufacturing of bone china, fine china and porcelain products.

On January 19, 2005, Atlas issued a press release in which it claimed to have sold halloysite clay to NaturalNano, Inc., and referenced a 2004 transaction wherein Atlas recorded as revenue $250,000 in consideration for future deliveries of 500 tons of halloysite clay to NaturalNano. Atlas, however, never delivered the halloysite clay to NaturalNano. Further, Plaintiffs allege that Atlas issued warrants to NaturalNano to acquire 750,000 shares of Atlas stock at $.40 a share for no consideration, and that NaturalNano sold the warrants, realizing cash proceeds of over $500,000.

On October 9, 2007, Atlas filed a 8-K with the Securities Exchange Commission ("SEC") and announced its intention to restate its prior financial statements for the years 2004, 2005 and 2006 because of improperly recognizing as current revenues the $250,000 for the future delivery of halloysite clay to NaturalNano that never occurred. Atlas also announced its intention to treat the $250,000 as unearned revenue and report it as a liability, which meant that its previously reported net losses for the fiscal year ending 2004 were misstated with net losses being $1,196,274 instead of the reported net losses of $945,274. The same day as these disclosures, Atlas's stock dropped 51 % in value.

On August 27, 2008, Atlas filed another 8-K with the SEC, this time announcing its intention to restate its previous financial statements to treat the $250,000 as a deposit for the years 2004 and 2005, and recognizing it as income in the year 2006. However, Atlas has never filed restated financial statements with the SEC.

**Discussion**

On a motion to dismiss pursuant to Rule 12(b)(6), "[a]ll allegations of material fact made in the complaint are taken as true and construed in the light most favorable to the plaintiff." No. 84 Employer-Teamster Joint Council Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 931 (9th Cir.2003). The pleading requirements of Rule 9(b) and the PSLRA, however, are more stringent than those required by Rule 12(b)(6). Desaigoudar v. Meyercord, 223 F.3d 1020, 1021 (9th Cir. 2000). In this regard, the Court will "consider *all* reasonable inferences to be drawn from the allegations, including inferences unfavorable to the plaintiffs." Gompper v. VISX, Inc., 298 F.3d 893, 897 (9th Cir. 2002) (emphasis in original). And Plaintiffs "must plead [their] case with a high degree of meticulousness." Desaigoudar, 223 F.3d at 1022.

A claim under Section 10(b) and Rule 10b-5, has five elements: (1) a misstatement or omission (2) of material fact (3) made with scienter (4) on which Appellants relied (5) which proximately caused their injury. DSAM Global Value

Fund v. Altris Software, Inc., 288 F.3d 385, 388 (9th Cir. 2002). Here, only the first three elements are in dispute.

The Court, then, "must determine whether particular facts in the complaint, taken as a whole, raise a strong inference that defendants intentionally or with deliberate recklessness made material false or misleading statements." No. 84 Employer-Teamster, 320 F.3d at 932. "To allege a 'strong inference of deliberate recklessness,' [Plaintiffs] must state facts that come closer to demonstrating intent, as opposed to mere motive and opportunity." DSAM, 288 F.3d at 389.

1. Falsity and Materiality

With respect to the first two elements of Plaintiffs' claim, falsity and materiality, the magistrate judge first concluded that because of Atlas's "varying treatments and classifications of the $250,000, both initially and in the subsequent 8-Ks, it is difficult to find that CBN's treatment of the transaction amounted to a misrepresentation or omission that would be sufficient to satisfy the PSLRA's heightened pleading standard." (R&R at 11). The magistrate judge also concluded that "[b]ecause the improper revenue recognition related to only one transaction and did not result in a gross overstatement of Atlas's revenue, but rather an understatement of its net losses, Plaintiffs fail to allege that CBN's GAAP and GAAS violations are significant and widespread in misrepresenting Atlas's overall financial condition, in other words, the violations are not material." (R&R at 13).

Plaintiffs assert that the magistrate judge erred because "there is no doubt whatsoever that a restatement of audited financial statements constitutes an admission of falsity and materiality . . . ." (Pls.' Objection at 7). Relying primarily on this theory, the Plaintiffs insist that Atlas's announced intention to restate its financial statements "is an *admission* that the financial statements originally issued for those periods were false, and did not comply with GAAP, *and that the misstatement of earnings and assets was material*." (Pls.' Objection at 9 (emphasis in the original)).

In support of this proposition, Plaintiffs cite to one district court decision, In re Cylink Sec. Litig., 178 F. Supp.2d 1077, 1084 (N.D. Cal. 2001). That case, however, is not on point as it dealt with multiple accounting misstatements by the company's senior officers and not, as here, with an outside auditor's review of financial statements. Id. (finding that "when [plaintiffs'] allegations demonstrate that the GAAP violations at issue constituted a widespread and significant inflation of revenue, . . . a strong inference arises that senior management intentionally misstated earnings." ). More important, Plaintiffs' theory on this matter has been expressly rejected by other courts. See, e.g., In re Metawave Communications Corp. Securities Litigation, 298 F.Supp.2d 1056, 1079 (W.D. Wash. 2003). In the Metawave case, the court examined the legal requirements and effects of a GAAP restatement and concluded that "Plaintiffs' contention that [the company's] restatement is an admission that Defendants issued false and misleading financial

reports is without merit." Id.; accord J&R Marketing, SEP v. General Motors Corp., 2007 WL 655291 at *12 (E.D. Mich. Feb 27, 2007) (addressing plaintiffs argument that "a restatement of financial results raises a presumption of both falsity and materiality for pleading purposes," and concluding that "[w]hile these changes may have been material from an accounting perspective, Plaintiffs' brief is bereft of any legal authority to support its attempted alchemy of transforming an accounting standard into a principle of federal securities law, so this argument is without merit."), aff'd, 519 F.3d 552 (6th Cir. 2008). See also Yourish v. Cal. Amplifier, 191 F.3d 983, 996-97 (9th Cir.1999) (explaining that only a later "I knew it all along" admission is sufficient to satisfy the false when made standard).

The Court finds this reasoning persuasive, and finding no error in the magistrate judge's analysis, the Court agrees with the Report and Recommendation's conclusion that Plaintiffs have failed to sufficiently plead falsity and materiality.

2. Scienter

As to the third element of their claim, scienter, Plaintiffs face an even more difficult task in satisfying the pleading requirement. This is because, as the magistrate judge noted, CBN was employed as an outside auditor and therefore the pleading standard is "especially stringent." (R&R at 9 (quoting PR Diamonds Inc. v. Chandler, 364 F.3d 671, 693-94 (6th Cir. 2004)). One reason for this has been stated as follows: "outsider auditors have more limited information than, for

example, the committee members who oversee the audit. . . [and] [f]urther, an auditor's job requires complex and subjective professional judgments that courts are not ideally positioned to second guess." In re Countrywide Financial Corp. Securities Litigation, 588 F. Supp. 2d 1132, 1197 (C.D. Cal. 2008); see also Pegasus Fund, Inc. v. Laraneta, 617 F.2d 1335, 1340-41 (9th Cir. 1980) ("The auditor's access to information about the firm depends to a greater or lesser degree on the firm's producing documents under its control.").

To adequately plead scienter, Plaintiffs must allege that CBN made false or misleading statements intentionally or with deliberate recklessness. See, e.g., In re Daou Systems, 411 F.3d 1006, 1022 (9th Cir. 2005). Recklessness is: "a highly unreasonable omission, involving not merely simple, or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and which presents a danger of misleading buyers or sellers that is either known to the defendant or is so obvious that the actor must have been aware of it." DSAM, 288 F.3d at 389. An outside auditor's recklessness must come "closer to being a lesser form of intent to deceive than merely a greater degree of ordinary negligence." Pegasus Fund, Inc., 617 F.2d at 1341.

To satisfy this pleading requirement, Plaintiffs allege that CBN "violated the most basic principles of GAAP and GAAS." (Pls.' Objection at 16). However, "scienter requires more than a misapplication of accounting principles." In re Software Toolworks Inc., 50 F.3d 615, 628 (9th Cir. 1994). Plaintiffs must allege

facts that show "the accounting practices were so deficient that the audit amounted to no audit at all, or an egregious refusal to see the obvious, or to investigate the doubtful, or that the accounting judgments which were made were such that no reasonable accountant would have made the same decisions if confronted with the same facts." Id.

Accordingly, Plaintiffs also enumerate several "red flags" that Plaintiffs contend should have placed "a reasonable auditor on notice that the audited company was engaged in wrongdoing to the detriment of its investors." (Pls.' Objection at 13 (citation omitted)). The magistrate judge considered these red flags, together with the alleged accounting violations, in the context of the DSAM case. (R&R at 17-18). In its DSAM opinion, the Ninth Circuit concluded that certain GAAP violations and "red flags" demonstrated, at the most, only negligence, and not the requisite scienter. DSAM, 288 F.3d at 389-91.

The magistrate judge correctly noted that "the alleged red flags [here] . . . are similar to those before the Ninth Circuit in DSAM," and that "the alleged red flags, without more, do not suggest that CBN was deliberately reckless, because they do not 'come close to demonstrating intent, as opposed to mere motive and opportunity.' " (R&R at 18 (quoting DSAM, 288 F.3d at 389)). Having considered the Plaintiffs objection to the same, the Court agrees with the magistrate judge's analysis and finds that the DSAM case controls the outcome here. See DSAM, 288 F.3d at 389-91; see also In re Countrywide Financial Corp.

Securities Litigation, 588 F. Supp. 2d at 1197-98 (explaining why under Ninth Circuit case law plaintiffs failed to adequately allege scienter against outside auditor). Therefore, the Court will grant CBN's Motion to Dismiss.

3. Leave to Amend

The magistrate judge made no recommendation as to whether the Plaintiffs should be allowed leave to amend the FAC. (R&R at 18). When granting a motion to dismiss pursuant to Rule 12(b)(6) and/or Rule 9(b), the court is generally required to allow a plaintiff one opportunity to amend, unless amendment would be futile. See, e.g., Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1108 (9th Cir. 2003) (explaining that "[a]s with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice;" that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts;" and that "the failure to grant leave to amend is an abuse of discretion unless the plaintiff has acted in bad faith or the amendment would be futile"). Because the Court cannot say with certainty that any amendment would be futile, it will allow the Plaintiffs leave to amend.

**ORDER**

Having conducted a de novo review of the objected to portions of the Report and Recommendation, this Court finds that Judge Williams' Report and Recommendation is well founded in law and consistent with this Court's own view

of the evidence in the record. Acting on the recommendation of Magistrate Judge Williams, and this Court being fully advised in the premises, **IT IS HEREBY ORDERED** that the Report and Recommendation entered on June 2, 2009 (docket no. 105), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike All References to CBN Exhibit 4 (docket no. 86) is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendant CBN's Motion to Dismiss (docket no. 77) is **GRANTED as follows**: the Court **DISMISSES WITHOUT PREJUDICE** the First Amended Consolidated Class Action Complaint as to Defendant CBN. Plaintiffs shall have until no later than **November 9, 2009** to file and serve an amended complaint. Failure to file an amended complaint by this date shall result in the dismissal of Plaintiffs' claims against Defendant CBN with prejudice.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: **September 25, 2009**

Honorable Edward J. Lodge
U. S. District Judge