# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| ) | |
| ) | |
| IN RE: ) | Civil Action No. 07-428-N-EJL |
| ) | |
| ATLAS MINING COMPANY, ) | |
| SECURITIES LITIGATION ) | |
| ) | |
| ) | |
| ) | |

**ORDER (1) CERTIFYING SETTLEMENT CLASS; (2) APPOINTING LEAD PLAINTIFFS AS SETTLEMENT CLASS REPRESENTATIVES; (3) APPOINTING CLASS COUNSEL; (4) PRELIMINARILY APPROVING SETTLEMENT; (5) PROVIDING FOR NOTICE; (6) APPOINTING CLAIMS ADMINISTRATOR AND (7) SCHEDULING FAIRNESS HEARING FOR FINAL APPROVAL OF SETTLEMENT**

WHEREAS, a consolidated class action is pending before this Court styled *In re Atlas Mining Securities Litigation*, No. C-07-428 (the "Litigation");

WHEREAS, the Plaintiffs and Defendants Atlas Mining Company ("Atlas"); NanoClay and Technologies Inc. ("NanoClay") and Individual Defendants William T. Jacobson, Robert Dumont, Dr. Ronald Price and Barbara S. Suveg (collectively, the "Settling Defendants") having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order: (1) certifying a Class for settlement purposes; (2) appointing Lead Plaintiffs, James O'Hern and John O'Hern as representatives of the Settlement Class; (3) appointing Lite DePalma Greenberg & Rivas, LLC as Settlement Class Counsel and Holland & Hart LLP as Liaison Counsel for the Settlement Class; (4) approving the proposed Settlement of this Litigation in accordance with a Settlement Agreement and Stipulation of Settlement dated as of September 3, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, set forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation with

**ORDER - 1**

prejudice upon the terms and conditions set forth therein; (5) providing for the distribution of Notice of the proposed Settlement to the Class; (6) appointing a Claims Administrator in connection with the proposed Settlement, and; (7) scheduling a Fairness Hearing for final approval of the proposed Settlement; and the Court having read and considered the Stipulation and the exhibits annexed thereto together with all of the other papers submitted by the Settling Parties; and

WHEREAS, all defined terms herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court does hereby preliminarily approve the Stipulation and the proposed Settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

2.      A hearing (the "Fairness Hearing") shall be held before this Court on January 19, 2010, at 9:30 a.m., at the United States District Court for the District of Idaho, James A McClure Federal Building and United States Courthouse, 550 W. Fort St., Boise, Idaho 83724; whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in the Stipulation should be entered; whether the proposed Plan of Allocation should be approved; and to determine any amount of fees and expenses that should be awarded to Lead Counsel and any award to Lead Plaintiffs for their representation of the Class.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this proposed Settlement, a Settlement Class

**ORDER - 2**

of all persons who purchased or otherwise acquired Atlas securities during the Settlement Class Period. The Settlement Class Period is between January 19, 2005 and October 8, 2007. Excluded from the Settlement Class are Defendants, members of the immediate families of the Individual Defendants and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4.  With respect to the Settlement Class, this Court preliminarily finds only for purposes of effectuating this proposed Settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (2) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs, James O'Hern and John O'Hern, and their Counsel, have fairly and adequately represented and protected the interests of all of the Settlement Class Members, and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5.  Lead Plaintiffs James O'Hern and John O'Hern are appointed to serve as representatives of the Settlement Class; the law firm of Lite DePalma Greenberg & Rivas, LLC

is appointed as Class Counsel for the Settlement Class, and; the law firm of Holland & Hart LLP is appointed as Liaison Counsel for the Settlement Class.

6.     The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Claim Form"), and Summary Notice for publication annexed hereto as Exhibits A-1, A-2 and A-3, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7.     The Court appoints the firm of Rust Consulting, Inc., Rust Consulting, Inc., P.O. Box 24784, West Palm Beach, FL 33416 ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)     Not later than November 6, 2009 (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort and to be posted on its Web site;

(b)     Not later than November 16, 2009, the Claims Administrator shall cause the Summary Notice (annexed hereto as Exhibit A-3) to be published once in the national editions of *Investor's Business Daily* and *The Wall Street Journal*; and

(c)     Not later than December 4, 2009, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

8.     Nominees who purchased Atlas common stock for the benefit of another Person during the Settlement Class Period shall be requested to send the Notice and Claim Form to all such beneficial owners of Atlas common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Claim Form to such beneficial owners.

9.     All fees, costs, and expenses incurred in identifying and notifying members of the Class shall be paid from the Notice and Administration Fund or as otherwise set forth in the Stipulation.

10.     All members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

11.     Settlement Class Members who wish to participate in the proposed Settlement shall complete and submit the Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted no later than one hundred eighty (180) days from the Notice Date.  Any Settlement Class Member who does not timely submit a Claim Form within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed.

**ORDER - 5**

12.    Any member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

13.    Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  As set forth in the Notice, any such Person must submit to Lead Counsel a request for exclusion ("Request for Exclusion"), postmarked no later than December 22, 2009 to:

> Jennifer Sarnelli, Esq.
> Lite DePalma Greenberg & Rivas, LLC
> Two Gateway Center, 12th Floor
> Newark, NJ 07102

A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases of Atlas common stock during the Class Period, including the dates, the number of shares of Atlas common stock purchased, and price paid for each such purchase; and (c) that the Person wishes to be excluded from the Class. All Persons which submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

14.    Lead Counsel shall cause to be provided to Settling Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event within seven (7) days prior to the Fairness Hearing.

15.    Any member of the Settlement Class may object to or comment on the proposed Settlement. All such objections or comments must be made in writing and must include: (a) the Settlement Class member's name, address, telephone number and, if applicable, e-mail address;

**ORDER - 6**

(b) a statement that the Class member purchased Atlas stock between January 19, 2005-October 8, 2007; and (c) a detailed statement of the basis of the objections to the Settlement. This information, together with any supporting documents must be postmarked on or before December 22, 2009 to:

Jennifer Sarnelli, Esq.
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

Any member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, and to the award of attorneys' fees and expenses to Lead Counsel and the payment of an award to Lead Plaintiffs for their representation of the Class, unless otherwise ordered by the Court.

16.   Any member of the Class may appear and show cause, if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, why attorneys' fees and expenses should not be awarded to counsel for the Lead Plaintiffs or an award to Lead Plaintiffs for their representation of the Class; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees and expenses to be awarded to counsel for Lead Plaintiffs, unless written objections, a Notice of Appearance and copies of any papers and briefs are filed with the Clerk of the United States District Court for the District of Idaho, on or before January 4, 2010.

**ORDER - 7**

17.     All funds held by the Escrow Agent(s) shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     All papers in support of the final approval of the proposed Settlement, Plan of Allocation and any application by counsel for Lead Plaintiffs for attorneys' fees and expenses shall be filed and served no later than January 4, 2010.

19.     Neither Settling Defendants nor their Related Parties shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Plaintiffs and Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     At or after the Fairness Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, any application for attorneys' fees and expenses, and any award to Lead Plaintiffs for their representation of the Class, should be approved.

21.     All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the proposed Settlement, or it otherwise fails to become effective, neither Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant from the Notice and Administration Fund.

22.     Settling Defendants have denied any liability, fault, or wrongdoing of any kind in connection with the allegations in the Litigation, and as such, neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling Defendants that: (a) certification is

**ORDER - 8**

permitted or appropriate; and/or (b) of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

23.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: __9_/_30_/_09___          _____
                                THE HONORABLE EDWARD J. LODGE
                                UNITED STATES DISTRICT JUDGE

4609031_2.DOC

**ORDER - 9**

# Exhibit A-1

Legal Notice -- United States District Court, District of Idaho

# If you purchased and/or acquired Atlas Mining Common Stock between January 19, 2005 and October 8, 2007, You may be eligible to get money from a Settlement.

A federal court authorized this Notice. It is not a solicitation from a lawyer. You are not being sued.

- **Security and Time Period:** Atlas Mining Inc. ("Atlas" or "the Company") common stock (symbol "ALMI.OB") purchased and/or acquired between January 19, 2005-October 8, 2007, inclusive ("Class Period").[1]

- **Settlement Fund and Recovery:** The Settlement Fund is $1,250,000 in cash plus any interest earned. Your recovery will depend on the timing of your purchases and sales. Lead Plaintiffs' damages expert estimated that about 9.8 million shares of Atlas stock eligible to recover were purchased by Class Members during the Class Period and may have been damaged. If all Class Members participate, the average per-share recovery would be about $0.13 before the deduction of attorneys' fees, costs and expenses. Actual claims rates are often less than 100%, which results in higher distributions per share.

- **Reasons for Settlement:** Avoids the costs and risks of litigation, including the risk of no recovery.

- **If the Case Had Not Settled:** Continuing with the case could have resulted in loss of the case and no recovery at all. The parties disagree on both liability and damages. The parties also disagree about: (1) the method for determining if the price of Atlas common stock was artificially inflated; (2) the amount of any alleged price inflation; (3) whether there was wrongdoing by the Settling Defendants; (4) the extent that various facts influenced the trading price of Atlas common stock during the Class Period; and (5) whether the facts alleged were material, false, misleading or otherwise actionable under the federal securities laws.

- **Attorneys' Fees and Expenses:** Class Counsel will ask the Court for fees of 30% of the Settlement Fund and expenses not to exceed $55,000. Class Counsel has not received any payment for their work in this case. Class Counsel will also ask the Court to approve awards of $3,750 for each of the Lead Plaintiffs for their representation of the Class. If the above amounts are approved by the Court, the average cost per share will be $0.04.

- **For More Information:** visit www.AtlasSettlement.com, contact the Claims Administrator or Class Counsel. See Questions 21 and 23.

| Your Legal rights and Options in this Settlement | | |
|---|---|---|
| **Submit A Claim Form** | This is the only way to get a payment. **Question 13.** | **Month XX, 2009** |
| **Exclude Yourself (Get Out of the Class)** | You keep the right to sue the Settling Defendants on your own but you cannot get a payment. **Question 15.** | **Month XX, 2009** |
| **Remain In The Class But Object** | Write to the Court about why you don't like the Settlement. **Question 17.** | **Month XX, 2009** |
| **Go to a Hearing** | Ask to speak about the fairness of the Settlement. **Question 18.** | **Month XX, 2009** |
| **Do Nothing** | You will stay in the Class and be bound by the Settlement. You cannot sue the Settling Defendants on your own and you will not get a payment. | |

---

[1] This Notice incorporates by reference the definitions in the Stipulation as of September 3, 2009 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXXX.com*

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT AND DEADLINES

### BASIC INFORMATION

**1.    Why Did I Get This Notice?**

If you or someone in your family purchased and/or acquired Atlas common stock (symbol "ALMI.OB") between January 19, 2005 and October 8, 2007 you are included in the Class. This Notice will tell you about the lawsuit, and the proposed Settlement. It will also tell you about your rights and how to request money, if eligible, before the Court decides whether to approve the proposed Settlement of this lawsuit.

The Court in charge of the case is the United States District Court for the District of Idaho, and the case is called *In re Atlas Mining Securities Litigation*, No. C-07-428. James O'Hern and John O'Hern are called Lead Plaintiffs and the company and the individuals they sued are called Defendants. The Defendants in this case are Atlas Mining Company, NanoClay and Technologies Inc., a wholly-owned subsidiary and/or division of Atlas; and the following individuals: William T. Jacobson, Robert Dumont, Dr. Ronald Price and Barbara S. Suveg. These parties are referred to as the "Settling Defendants" or "Atlas." The Settling Defendants have reached a proposed Settlement that may affect your rights. <u>The Complaint also names CBN, Atlas's independent auditor, as a Defendant. However, CBN is not a party to this Settlement. The claims against CBN are still being litigated.</u>

**2.    What Is This Lawsuit About?**

Lead Plaintiffs allege that Defendants violated the federal securities laws by making false and misleading statements during the Class Period regarding Atlas's business and prospects in publicly disseminated press releases and SEC filings regarding the extent of a deposit of valuable halloysite clay on Atlas property, the availability and quality of halloysite for sale, and claimed sales of halloysite. Lead Plaintiffs also contend that, on October 9, 2007, Atlas financial statements for the fiscal years ended December 31, 2004, 2005 and 2006 were materially false and misleading and had to be restated. Similarly, Lead Plaintiffs allege that Atlas admitted that restatements were necessary because Atlas had wrongfully inflated its revenues and under-reported net losses and long-term liabilities by improperly recognizing as revenues speculative sales of halloysite. Finally, Lead Plaintiffs further allege that when Defendants disclosed the truth about the actual financial results, Class Members suffered damages as a result of the decline in the price of Atlas stock.

Defendants deny all of Lead Plaintiffs' allegations and further deny that they did anything wrong. Defendants also deny that Lead Plaintiffs or the Class suffered damages or that the price of Atlas common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise.

**3.    Why Is This A Class Action?**

In a class action lawsuit, one or more persons or entities, called "class representatives" (in this case James O'Hern and John O'Hern) sue on behalf of others who have similar claims. The class representatives and the persons or entities they represent are the "class members." One judge decides the issues for all class members, except for those who exclude themselves.

**4.    Why Is There A Settlement?**

The Court did not decide in favor of Lead Plaintiffs or Defendants. Instead, the parties negotiated a settlement, with the assistance of a mediator, Jed Melnick, Esq. The proposed Settlement allows both sides to avoid the risks and cost of lengthy and uncertain litigation, and permits Class Members to be compensated without delay. The Lead Plaintiffs and their attorneys think the proposed Settlement is best for the Class.

### WHO GETS MONEY FROM THE SETTLEMENT

To see if you will get money from the proposed Settlement, you have to find out if you are a Class Member.

**5.    How do I know if I am in the Class?**

If you purchased and/or acquired Atlas common stock between January 19, 2005-October 8, 2007, inclusive, you are in the Class.

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com*

**6. Are there exceptions to being included in the Class?**

Yes. Settling Defendants, members of the immediate families of the Individual Defendants and the legal representatives, heirs, successors, or assigns of any such excluded person or entity are excluded. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class. Certain Atlas shareholders are Class Members but have executed a Forbearance Agreement agreeing to forego their claims for payment from the Settlement. These shareholders are: David Taft (Atlas Board Member), IBS Capital, Andre Zeitoun (Atlas Chief Executive Officer), Chris Carney (Atlas Chief Financial Officer), and Eric Basroon.

**7. I Am Still Not Sure If I Am A Class Member.**

If you are still not sure whether you are included, visit www.AtasSettlement.com or call 1-XXX-XXX-XXXX, or write to the lawyers in this case at the addresses listed in response to **Question 21** below.

## THE SETTLEMENT BENEFITS- WHAT YOU GET

**8. . What does the proposed Settlement provide?**

The following description of the proposed Settlement is only a summary. The Settlement Agreement on file with the Court and on the Atlas Settlement Web site: www.AtlasSettlement.com provides more details.

Atlas has agreed to pay $1.25 million in cash to settle this case (the "Settlement Fund"). This $1.25 million will be placed into a bank account that will earn interest. The Settlement Fund, plus interest, minus costs, fees and expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid claim forms. Costs, fees and expenses include Court-approved attorneys' fees and expenses, and the costs of claims administration. Atlas has agreed to pay an additional $75,000 to pay for the costs of notifying Class Members, including the costs of printing and mailing this Notice and publishing newspaper notice.

**9. How much will my payment be?**

Your share of the Net Settlement Fund will depend on the number of Class Members who submit a valid Claim Form and the number of shares of stock you purchased and/or acquired during the Class Period (January 19, 2005-October 8, 2007, inclusive) and when you sold them.

The formulas below will allow you to determine the amount you can get under the proposed Settlement. It is not intended to be an estimate of the amount you might have been able to get after a trial. Also, the amount you get will be based on the number of people who make claims. If every Class Member makes a claim, your share will be less than if only a few Class Members make a claim.

### PLAN OF ALLOCATION

On October 9, 2007, the stock declined $0.84. The corrective disclosure price is $0.80 and the statutory PSLRA 90 day look back average price is $0.72. Based on these amounts, an expert has developed a proposed Plan of Allocation of the Net Settlement Fund. If you purchased and/or acquired shares of Atlas common stock **during the Class Period**, the amount you can get will be calculated as follows:

a.   If you purchased and/or acquired Atlas stock during the Class Period and sold it before October 9, 2007, you will have no "Recognized Claim" and your claim per share will be $0.

b.   If you purchased Atlas stock during the Class Period and sold it on October 9, 2007, before market close, your "Recognized Claim" per share will be equal to **the lesser of:**
   (i) $0.84 (October 9, 2007 Price Decline), or
   (ii) the difference between the purchase price and the sale price.

c.   If you purchased and/or acquired Atlas stock during the Class Period and sold it on October 9, 2007, after market close, through January 4, 2008, your "Recognized Claim" per share will be **the lesser of**:
   (i) $0.84 (October 9, 2007 Price Decline), or
   (ii) the difference between the purchase price and the sale price, or
   (iii) the difference between the purchase price and the average closing price (rounded to the nearest cent) on date you sold your stock as set forth in the table below.

d.   If you purchased and/or acquired Atlas stock during the Class Period and still retain it or sold it after market close on January 4, 2008, the "Recognized Claim" will be **the lesser of**:
   (i) $0.84 (October 9, 2007 Price Decline), or
   (ii) the difference between the purchase price and $0.80 (the corrective disclosure price).

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com*

**TABLE**

| Sale Date | Average Closing Price | Sale Date | Average Closing Price | Sale Date | Average Closing Price | Sale Date | Average Closing Price |
|---|---|---|---|---|---|---|---|
| 10/9/2007 | $0.80 | 10/30/2007 | $0.66 | 11/20/2007 | $0.55 | 12/12/2007 | $0.72 |
| 10/10/2007 | $0.74 | 10/31/2007 | $0.68 | 11/21/2007 | $0.55 | 12/13/2007 | $0.77 |
| 10/11/2007 | $0.96 | 11/1/2007 | $0.63 | 11/23/2007 | $0.57 | 12/14/2007 | $0.80 |
| 10/12/2007 | $1.00 | 11/2/2007 | $0.56 | 11/26/2007 | $0.60 | 12/17/2007 | $0.88 |
| 10/15/2007 | $1.00 | 11/5/2007 | $0.60 | 11/27/2007 | $0.66 | 12/18/2007 | $0.85 |
| 10/16/2007 | $0.98 | 11/6/2007 | $0.59 | 11/28/2007 | $0.67 | 12/19/2007 | $0.84 |
| 10/17/2007 | $0.97 | 11/7/2007 | $0.58 | 11/29/2007 | $0.74 | 12/20/2007 | $0.85 |
| 10/18/2007 | $0.94 | 11/8/2007 | $0.53 | 11/30/2007 | $0.66 | 12/21/2007 | $0.81 |
| 10/19/2007 | $0.85 | 11/9/2007 | $0.54 | 12/3/2007 | $0.67 | 12/24/2007 | $0.90 |
| 10/22/2007 | $0.84 | 11/12/2007 | $0.55 | 12/4/2007 | $0.63 | 12/26/2007 | $0.75 |
| 10/23/2007 | $0.75 | 11/13/2007 | $0.60 | 12/5/2007 | $0.65 | 12/27/2007 | $0.71 |
| 10/24/2007 | $0.72 | 11/14/2007 | $0.60 | 12/6/2007 | $0.65 | 12/28/2007 | $0.75 |
| 10/25/2007 | $0.67 | 11/15/2007 | $0.63 | 12/7/2007 | $0.70 | 12/31/2007 | $0.80 |
| 10/26/2007 | $0.70 | 11/16/2007 | $0.58 | 12/10/2007 | $0.74 | 1/2/2008 | $0.75 |
| 10/29/2007 | $0.70 | 11/19/2007 | $0.59 | 12/11/2007 | $0.74 | 1/3/2008 | $0.76 |
|  |  |  |  |  |  | 1/4/2008 | $0.80 |

e.     If you purchased and/or acquired Atlas stock before the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be used. Under the FIFO method, any sales you made during the Class Period will be matched to shares you held before the Class Period.

f.     You will only be eligible to get money from the Net Settlement Fund if you had a net loss after all profits from transactions in Atlas stock during the Class Period are subtracted against all losses.

g.     The date of purchase or sale is the "contract" or "trade" date, not the "settlement" date.

h.     You had to purchase and/or acquire shares during the Class Period to be a Class Member. If shares were "transferred into," "delivered into" or "received into" your account, you must provide documentation to prove those share were purchased during the Class Period. Also, if you purchased and/or acquired shares but then "transferred out" or "delivered out" those share to another person you are not a Class Member. The person you transferred or delivered the shares to would be the Class Member.

i.     "Short" sales will not be recognized for any amount of loss on the cover or purchase transaction

j.     Transactions in Atlas shares by market makers or specialists are not eligible to make a Claim.

k.     If you obtained Atlas stock as a gift or grant from an estate you are only a Class Member if that stock was purchased during the Class Period. Only one person can make a Claim per share. If you gave your stock as a gift you no longer have a Claim, the person who now holds the stock holds the Claim.

l.     If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise one year after the initial distribution, then any balance remaining will be re-distributed, if feasible, to those who cashed their checks and would receive at least $10.00 from such re-distribution. If, six months after this re-distribution any funds are still in the Net Settlement Fund, those funds will be donated to one or more charities (as the Court approves upon the recommendation of Lead Counsel).

m.     The Court has jurisdiction to allow, disallow or adjust claims of Class Members on equitable grounds.

n.     The Court must approve the described Plan of Allocation. You cannot file a claim against Lead Plaintiffs, Plaintiffs' Counsel, the claims administrator or others designated to enact this plan. If you do not make a timely Claim, and you do not exclude yourself, you are still in the Class and you cannot sue the Defendants in this Settlement for any of the claims in this lawsuit (See **Question 10**).

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com*

**10.    What Claims am I Releasing if I Stay in the Class?**

If the Court gives final approval to the Settlement, you will not be able to sue the Settling Defendants for the claims stated in this lawsuit. This includes claims that you may not know exist.

The Stipulation defines "Released Claims" as: "any and all claims … demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by the Lead Plaintiffs or any Settlement Class Member against the Settling Defendants or their Related Parties arising out of, relating to, or in connection with the purchase or acquisition of Atlas securities by the Lead Plaintiffs or any Settlement Class Member during the Settlement Class Period, and any and all claims arising out of, relating to, or in connection with the Settlement or resolution of this matter."

### THE OPTIONS AVAILABLE TO CLASS MEMBERS UNDER THIS SETTLEMENT

**11.    You May Remain In The Class**

If you are a Class Member, you are included in this proposed Settlement unless you ask to be excluded. As a Class Member, you will be represented by Lead Plaintiffs and Class Counsel. However, you may have your own attorney appear on your behalf at your expense. You can also file a claim to get money from the proposed Settlement. Even if you do not file a claim you will still be bound by the proposed Settlement.

**12.    How do I get Money from the proposed Settlement?**

If you received this Notice by mail, you have also received a Claim Form. You must complete this Claim Form to see if you qualify to get money from the proposed Settlement. If you are reviewing this Notice online, or saw a copy in the newspaper, you may download a Claim Form online at www.AtlasSettlement.com or request one by calling the Atlas Settlement Claims Administrator toll free at 1-XXX-XXX-XXXX.

Even if you object to the proposed Settlement you should complete a Claim Form to qualify to get money if the proposed Settlement is approved. Completed Claim Forms **must be postmarked no later than Month XX, 2009.** Claim Forms must be mailed to: Atlas Settlement Claims Administrator, P.O. Box 24784, West Palm Beach, FL 33416. If your Claim Form is late you may not get any money from the proposed Settlement.

The Administrator will determine if you are eligible to get money from the proposed Settlement following the terms explained in Question 10 above. You will be notified by mail if your Claim is accepted or rejected.

**13. When would I get my payment?**

The Court will hold a hearing on _____, 2009, at _____, to decide whether to approve the proposed Settlement. If the judge approves the proposed Settlement, there may be appeals. Appeals are always uncertain, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. If there are no appeals, depending on the number of claims filed, the Net Settlement Fund could be distributed as early as nine months after the Fairness Hearing. Please be patient.

**14.    You May Exclude Yourself From The Class**

To exclude yourself from the Class, you must mail a written request stating:

- Your name, address, and telephone number;
- The name and number of the lawsuit: *In re Atlas Mining Securities Litigation*, No. C-07-428;
- Your purchases and sales of Atlas stock during the Class Period including the dates, the number of shares and price paid for each purchase of Atlas stock;
- A statement that you want to be excluded from the Class.

All exclusion letters must be sent by first class mail (although registered mail is preferred). You cannot exclude yourself from the Class by phone or email. Exclusions must be **postmarked by Month XX, 2009,** to:

Jennifer Sarnelli, Esq.
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor

***Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com***

Newark, NJ 07102

**15.    What Happens If I Exclude Myself From The Class, Or If Instead, I Remain In The Class?**

If you exclude yourself from the Class, you will not get any money from the proposed Settlement. You will no longer be part of the Class, and nothing that happens in the lawsuit will affect you. You will not be bound by the proposed Settlement and can sue Atlas on your own.

If you do not exclude yourself, you will be bound by the proposed Settlement if the Court grants final approval. This means that you cannot sue Atlas for any of the claims in this lawsuit.

**16.    You May Remain In The Class And Object To The Settlement**

You can object to the proposed Settlement if you wish, but you do not have to. You can also hire your own lawyer to speak for you at your own expense. This is called making an appearance (See Question 17). You can still share in any benefits the Class might receive from the proposed Settlement if you appear in the case. You can only object if you do not exclude yourself from the Class.

Any objection, to be heard at the Fairness Hearing it must be in writing and **postmarked no later than Month XX, 2009.** Any such objection must include the following information:

(i)    Your name, address, telephone number and, if applicable, e-mail address;
(ii)    A statement that you purchased Atlas stock between January 19, 2005-October 8, 2007;
(iii)    A detailed statement of the basis of your objections to the Settlement; and
(iv)    Any supporting papers, including all documents and writings you want the Court to consider.

The objection must be mailed to Class Counsel at:

Jennifer Sarnelli, Esq.
Lite DePalma Greenberg & Rivas, LLC
Two Gateway Center, 12th Floor
Newark, NJ 07102

If you object to the proposed Settlement or otherwise request to be heard at the Fairness Hearing, you are submitting to the jurisdiction of the Court. In the event that the Court overrules your objection, you should complete a Claim Form so that you can obtain a share of the proposed Settlement money if you are eligible.

If you do not object to any part of the proposed Settlement, you will have waived your right to object. You will forever be barred from objecting to the proposed Settlement, or from otherwise being heard in this or any other proceeding.

**17.    How Do I Appear In The Lawsuit?**

If you want to speak, or have another lawyer instead of Class Counsel speak for you, in the lawsuit (at your own cost), you must give the Court a paper called a Notice of Appearance. Class Counsel cannot speak for any objector. The Notice of Appearance must include: the name and number of the lawsuit (*In re Atlas Mining Securities Litigation*, No. C-07-428), your name and the name of the lawyer who will appear. A Notice of Appearance must be filed with the Court on or before **Month XX, XXXX.** The Notice of Appearance must be filed with the Clerk of Court, United States District Court for the District of Idaho, 550 W Fort St., Rm 400, Boise, ID 83724.

## THE COURT'S FAIRNESS HEARING

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing at _____, on _____, 2009, at the United States District Court for the District of Idaho, 550 W Fort St., Boise, ID 83724. At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court will also decide whether to approve the payment of fees and expenses to Lead Plaintiffs' counsel, including the awards to Lead Plaintiffs and the Plan of Allocation. We do not know how long the hearing will take or whether the Court will make its decision on the day of the hearing or sometime later. The Court may change the hearing date. Please check the Web site for updated information. You will not get another mailing about this case or the hearing date.

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com*

**19. Do I have to come to the hearing?**

No. Class Counsel will answer questions the judge may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but you are not required to do so.

## IF YOU DO NOTHING

**20. What Happens If I Don't Do Anything At All?**

If you do nothing, you will get no money from this proposed Settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants about the same issues in this case.

## THE LAWYERS REPRESENTING CLASS MEMBERS

**21. Do I Have a Lawyer in This Lawsuit?**

Yes. The Court has appointed the following law firms to represent the Class:

|  |  |
|---|---|
| Joseph J. DePalma | B. Newal Squyres |
| Katrina Carroll, Jennifer Sarnelli | Ted C. Murdock |
| Lite DePalma Greenberg & Rivas, LLC | Holland & Hart LLP |
| Two Gateway Center, 12th Floor | 101 S. Capitol Blvd., Suite 1400 |
| Newark, NJ 07102 | Boise, ID 83701 |
| <u>Lead Counsel for the Class</u> | <u>Liaison Counsel for the Class</u> |

These lawyers are called Class Counsel. You won't be charged personally for these lawyers, but they will ask the Court to award them a fee and for reimbursement of their expenses to be paid out of the Settlement Fund.

**22. How Will The Lawyers Be Paid?**

Class Counsel will ask the Court for reimbursement for their fees and expenses based on the money they have obtained from Atlas on behalf of the Class. You won't have to pay any of these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would be deducted from the money paid by Atlas.

Class Counsel will request 30% of the Settlement Fund as fees and up to $55,000 in expenses. Atlas has agreed not to object to this request. These fees and expenses are to compensate Class Counsel for the time and money they have spent on this case. The Court will determine if this request is fair, reasonable and adequate. Lead Counsel will also ask the Court to approve awards of $3,750 for each of the Lead Plaintiffs for their representation of the Class. If the above amounts are approved by the Court, the average cost per share will be $0.04.

## GETTING MORE INFORMATION

**23. Are More Details And Information Available?**

This Notice is just a summary. More details are in the Complaint filed by Class Counsel and the other legal documents that have been filed with the Court in this lawsuit. Anyone can look at and copy these legal documents at any time during regular office hours at the Office of the Clerk of Court, United States District Court for the District of Idaho, 550 W Fort St., Rm 400, Boise, ID 83724. Copies of some of the important documents, like the Complaint, are also available online at <u>www.AtlasSettlement.com</u>.

In addition, if you have any questions about the lawsuit or this Notice, you may:

- Visit the Atlas Settlement Web site at <u>www.AtlasSettlement.com</u>
- Call toll free: 1-XXX-XXX-XXXX
- Write to:   Atlas Settlement Claims Administrator, P.O. Box 24784, West Palm Beach, FL 33416
- Email:   info@ <u>www.XXXXXXXX.com</u>

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com*

*Please do not call the Court or the Clerk of the Court for additional information about the Settlement.*

**24.     Special Notice To Nominees**

If you hold any Atlas common stock purchased between January 19, 2005 and October 8, 2007, inclusive as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator at the address listed in Question 23. If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you require.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of *reasonable* administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

*DO NOT CONTACT THE COURT*

DATED: _____, 2009            BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         DISTRICT OF IDAHO

*Questions? Call toll free 1-XXX-XXXX or visit www.XXXXX.com*

# Exhibit A-2

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| IN RE ATLAS MINING SECURITIES LITIGATION | Case No. 07-428-N-EJL-MHW |

## INSTRUCTIONS FOR PROOF OF CLAIM

In order for you to qualify to participate in the distributions described in the Notice, you must file this Proof of Claim on this form and you must provide the required documentation to substantiate your claim.

## REQUIREMENTS FOR FILING A PROOF OF CLAIM

Your claim will be considered only upon compliance with all of the following conditions:

1. You must accurately complete all portions of this Proof of Claim form.

   NOTE: The Proof of Claim contains space for listing your purchases and sales of Atlas common stock. You must carefully complete this list. Do not leave out any important information about your purchases and sales of Atlas common stock. This information is necessary to determine your share of the distribution of the Settlement. If you cannot list all of your transactions in the space provided on the Proof of Claim form, or if you believe that you must or should give additional information about any transaction, please attach additional sheets of paper to the Proof of Claim form to give this additional information. Please put your name on each additional sheet of paper.

2. You must **sign** the Proof of Claim form.

   NOTE: If the Atlas stock was or is owned jointly, all joint owners must sign the Proof of Claim. Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof of their authority (for example, currently effective letters testamentary or letters of administration) to complete and execute the Proof of Claim on their behalf and to bind them in accordance with the terms thereof. A Proof of Claim submitted by legal representatives of a claimant must be executed by all such representatives.

3. You must attach to the Proof of Claim form the original, or legible copies, of broker confirmation slips, monthly brokerage statements, or other satisfactory proof confirming the particulars of each purchase and sale you have made of Atlas common stock between January 19, 2005 and January 4, 2008, inclusive.

4. You must mail the completed and *signed* Proof of Claim and supporting documents by first-class mail, postage prepaid, **postmarked no later than Xxxxxxxxx xx, 20xx**, to:

   In re Atlas Mining Securities Litigation
   c/o Rust Consulting, Inc.
   P.O. Box xxxxx
   West Palm Beach, FL 33416
   Telephone: (xxx) xxx-xxxx

Your failure to complete and mail the Proof of Claim by Xxxxxxxxx xx, 200x, may preclude you from receiving any share of the available distributions. So that you will have a record of the date of your mailing and its receipt by the Claims Administrator, you are advised to use certified mail, return receipt requested.

## PURCHASE AND SALE SCHEDULE

Separately list each of your purchases and sales of Atlas common stock below. Attach a separate schedule if more space is needed. (Be sure to include your name on any separate sheets.)

The date of purchase and sale is the "trade" or "contract" date, and not the "settlement" or "payment" date. The purchase price is price paid without regard to commissions or other expenses. The sale price is the price received without regard to commissions or other expenses.

*ANY PERSON WHO KNOWINGLY SUBMITS A FALSE PROOF OF CLAIM IS SUBJECT TO PENALTIES FOR PERJURY AND OTHER VIOLATIONS OF FEDERAL LAW.*

<table>
<tr><td>

MUST BE POSTMARKED
ON OR BEFORE
XXXXXXXXX XX, 20xx

</td><td>

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

*In re Atlas Mining Securities Litigation*

No. C-07-428

<u>PROOF OF CLAIM AND RELEASE</u>

</td><td>

For Official Use Only

</td></tr>
</table>

**PART I.** <u>CLAIMANT IDENTIFICATION</u> - Complete either Section A or B and then proceed to C.  Please type or Print.

A.   Complete this Section ONLY if the Beneficial Owner is an individual, joint, or IRA account.  Otherwise, proceed to B.

Last Name (Beneficial Owner)

First Name (Beneficial Owner)

Last Name (Joint Beneficial Owner, if applicable)

First Name (Joint Beneficial Owner)

Name of IRA Custodian, if applicable

If this account is an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA account, please include "IRA" in the "Last Name" box above (e.g. Jones IRA).

B.   Complete this Section ONLY if the Beneficial Owner is an Entity; i.e., corporation, trust, estate, etc.  Then, proceed to C.

Entity Name

Name of Representative, if applicable (Executor, administrator, trustee, c/o, etc.)

C.   Account/Mailing Information:

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA   ☐ Partnership   ☐ Estate   ☐ Trust

☐ Other:

Number and Street or P.O. Box

City

State

Zip Code

Foreign Province and Postal Code

Foreign Country

Telephone Number (Day)

Telephone Number (Evening)

E-mail Address

Account Number

Enter Taxpayer Identification Number below for the Beneficial Owner(s).
Social Security No. (for individuals)          or   Taxpayer Identification No.

2

## PART II: SCHEDULE OF TRANSACTIONS IN ATLAS MINING, INC. ("ATLAS") COMMON STOCK
*YOU MUST SUBMIT DOCUMENTATION SUPPORTING THE INFORMATION BELOW*

### BEGINNING HOLDINGS

**A.** **Numbers of shares of Atlas common stock held as of the close of business on January 18, 2005.**
(If none, write "zero" or "0") (If other than zero, must be documented).

### PURCHASES

**B.** Below please list (in chronological order) all <u>purchases</u> of Atlas common stock (not acquisitions) made between **January 19, 2005** and **October 8, 2007**, inclusive.

| Check Box if result of an Option Exercise/ Assign | Date(s) of Purchase *(list chronologically)* Month/Day/Year | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost *(excluding commissions, taxes & fees)* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**C.** Total number of shares of Atlas common stock purchased from **October 9, 2007 to January 4, 2008**, inclusive. (If none, write "zero" or "0") (If other than zero, must be documented).

### SALES

**D.** Below please list (in chronological order) all sales of Atlas common stock made between **January 19, 2005** and **January 4, 2008**, inclusive.

| Trade Date Month/Day/Year | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received *(net of commissions, taxes & fees)* |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

### ENDING HOLDINGS

**E.** Number of shares of Atlas common stock held at the close of trading on **January 4, 2008:**
(If none, write "zero" or "0") (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

## VERIFICATION

I (We), and the person I (we) represent(s), if any, submit to the jurisdiction of the United States District Court for the District of Idaho, for purposes of further inquiry with respect to this Proof of Claim, under the Federal Rules of Civil Procedure, and agree to be bound by and subject to the terms of the judgments and orders of that Court in connection with the Settlement in the above-captioned Action, and to furnish such additional proof or information with respect to this Proof of Claim as the Court shall require.

I (We) have read and am (are) familiar with the contents of the Instructions accompanying this Proof of Claim and I (we) verify that the information I (we) have set forth in the foregoing Proof of Claim, and in documents attached hereto, is true and correct and complete to the best of my (our) knowledge. I (We) am (are) not a Defendant(s) in the above-captioned Action and have not requested exclusion from the Class by Xxxxxxxxx xx, 20xx. I (We) have attached hereto the original or legible copies of broker confirmation slips or statements or, if not available, other proof of the dates and amounts of my (our) purchases and sales of Atlas common stock. I (We) further certify that I (we) have read and am (are) familiar with the accompanying Notice to which this Proof of Claim relates. I (We) understand and agree that this Proof of Claim will be processed and will be allowed, if at all, in accordance with the procedures set forth in the Notice.

I (We) further agree and understand that if the proposed Settlement is approved by the Court and becomes effective, all Released Claims, as defined in the Stipulation and Agreement of Settlement, will be satisfied, discharged and extinguished forever.

## CERTIFICATION

I (We) certify that I am (we are) not subjected to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.
*NOTE:* If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.
The Internal Revenue Service does not require your consent to any provision other than the certifications required to avoid backup withholding.

**I declare under penalty or perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.**

Executed this ____ day of _____, 2009 in _____, _____.
                                                         (City)                        (State/County)

| | |
|---|---|
| | |
| Signature of Claimant | (Print your name here) |
| | |
| Signature of Joint Claimant, if any | (Print your name here) |
| | |
| Signature of person signing on behalf of Claimant | (Print your name here) |

Capacity of person signing on behalf of Claimant, if other than an individual (e.g., Executor, President, Custodian, etc.)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

4

# Exhibit A-3

Legal Notice Legal Notice

# If You Purchased And/Or Acquired Atlas Mining Common Stock
## Between January 19, 2005 And October 8, 2007,
### You Could get a Payment From A Class Action Settlement

### What's This About?

The class action claims that Atlas Mining and others provided investors with false and misleading information that inflated the value of Atlas common stock. The case, *In re Atlas Mining Securities Litigation*, No. C-07-428, is in the U.S. District Court for the District of Idaho. Class Counsel is Lite DePalma Greenberg & Rivas, LLC, 2 Gateway Ctr, 12th Fl., Newark, NJ 07102, (973)623-3000.

### What Does the Settlement Provide?

A $1.25 million Settlement was reached with Atlas and Individual Defendants. The Court did not decide which side was right, and the parties disagree on liability and how much money could have been won if the case went to trial. This Settlement does not affect any claims against Chisolm, Bierwolf & Nilson. You may be able to get money from the Settlement, as explained in the full Notice. If every eligible Class Member files a claim, the average payment will be 13 cents per share before the deduction of fees, costs and expenses.

### How Do You Ask for a Payment?

To get a payment you must submit a Claim Form by MONTH XX, 2009. You can get a Claim Form by calling or visiting the Web site.

### What Are Your Other Options?

- You can object to the Settlement by Month XX, 2009, or hire your own attorney, at your own cost, to object for you. If you do not want to be bound by the Settlement you can exclude yourself by Month XX, 2009. If you do nothing, you will be bound by the Settlement.

- You can attend the hearing on Month XX, 2009 at XX am at the Idaho District Court, 550 W. Fort St., Boise, ID 83724. At the hearing, the Court will determine if the Settlement is fair and reasonable. It will also decide if Class Counsel should be awarded fees of 30% of the Settlement Fund for their work on this case, expenses not to exceed $55,000, and an additional award of $3,750 to each of the Lead Plaintiffs. If these amounts are approved, the average cost will be 4 cents per share.

**For a Claim Form and detailed information on how to object or exclude yourself,**

## visit www.AtlasSettlement.com, call 1-888-888-8888

**or write: Atlas Settlement Administrator, P.O. Box 24784, West Palm Beach, FL 33416**