Ellen Maycock (*Pro Hac Vice*)
Steven G. Loosle (*Pro Hac Vice*)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple
Twenty-First Floor
P.O. Box 45561
Salt Lake City, UT 84155-0561
Telephone:  (801) 531-7090
Facsimile:  (801) 531-7091
Email:  emaycock@klmrlaw.com; sloosle@klmrlaw.com

Kim C. Stanger, ISB No. 5783
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  (208) 344-6000
Facsimile:  (208) 342-3829
Email: kcs@hteh.com

*Attorneys for Chisholm, Bierwolf & Nilson, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(BOISE)

| | |
|---|---|
| IN RE: <br><br> ATLAS MINING COMPANY, <br> SECURITIES LITIGATION | Civil Action No. 07-428-N-EJL <br><br> **MEMORANDUM IN SUPPORT OF MOTION OF TODD CHISHOLM AND TROY NILSON TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants Todd Chisholm ("Chisholm") and Troy Nilson ("Nilson") have filed a motion to dismiss the Second Amended Consolidated Class Action Complaint for Violation of Federal Securities Laws ("SAC"). Chisholm and Nilson hereby submit this memorandum in support of their motion.

## BACKGROUND

In the SAC, Plaintiffs allege that Defendant Atlas Mining Company ("Atlas") fraudulently touted the future prospects of its Dragon Mine as a valuable halloysite clay mining

business, including the availability and the quality of clay. According to the SAC, Atlas's fraud included misstating sales and potential sales of clay. Plaintiffs also allege that Atlas entered into a fraudulent sale contract with NaturalNano for the sale of 500 tons of clay, even though there was no ability for clay to be delivered. Plaintiffs allege that this transaction was collusive, intended only to permit Atlas to tout its halloysite clay business. (*See* SAC ¶¶ 4-14, 47-115, 128-131.) According to the SAC, Atlas issued a press release on January 19, 2005, in which it claimed to have recognized $250,000 of revenue in 2004 in consideration for future deliveries of clay to NaturalNano. (*Id.* at ¶ 11.)

The SAC alleges that Defendant Chisholm, Bierwolf & Nilson ("CBN") was the auditor for Atlas. The complaint alleges that CBN engaged in accounting fraud in that the financial statement for the year 2004 improperly included revenue of $250,000 related to the sale of halloysite clay to NaturalNano. (SAC ¶¶ 183-189.)

The SAC alleges that on October 9, 2007, Atlas filed a form 8-K with the Securities Exchange Commission ("SEC") and announced its intent to restate its financials for the years 2004, 2005 and 2006 because the revenue from NaturalNano should not have been recognized because the clay was not delivered. (*Id.* at ¶¶ 128-131.) Atlas announced its intent to treat the $250,000 as unearned revenue and report it as a liability, with the result that its net loss for 2004 would increase from $945,274 to $1,196,274. Atlas announced in this 8-K that the Dragon Mine lacked "comprehensive . . . third-party evaluation." Atlas further stated that the mine suffered from "insufficient mine planning, and inadequate processing facilities" and mining activity would be suspended until a "third-party geologic review" was completed. (*Id.* at ¶ 128.) According to the SAC, the price of Atlas stock dropped by 51% on the same day these disclosures were made to the market. (*Id.* at ¶ 129.)

According to the SAC, the truth about Atlas's fraudulent scheme was revealed on October 9, 2007, when Atlas filed its form 8-K with the SEC, as described above.  (*Id.* at ¶ 128.) The first complaint in this matter was filed on October 11, 2007.  Plaintiffs filed their First Amended Consolidated Class Action Complaint for Violation of Federal Securities Laws ("FAC") on July 28, 2008.  The FAC named CBN as a defendant, but did not name Chisholm or Nilson as defendants.  On September 25, 2009, the Court adopted the Magistrate's Report and Recommendation and dismissed the FAC as to CBN.  On November 9, 2009, Plaintiffs filed the SAC and for the first time named Chisholm and Nilson as defendants in this matter.

With respect to Chisholm and Nilson, the SAC alleges only that they are engaged in the practice of public accounting, are shareholders of CBN, and "personally took part in the acts complained of herein."  (SAC ¶¶ 37-38.)

## DISCUSSION

The SAC asserts a single claim against CBN, Chisholm, and Nilson.  The SAC asserts a fraud claim against each of these parties pursuant to Section 10b of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5 thereunder.  CBN, Chisholm and Nilson have all filed a separate motion to dismiss, asserting common grounds for dismissing this claim against them.  In addition to the grounds set forth in that motion, Chisholm and Nilson assert that the SAC must be dismissed as to them individually for two reasons.  First, the SAC fails to identify any participation by them in the alleged fraudulent scheme.  Second, the fraud claim against them under the Exchange Act is barred pursuant to the statute of limitations set forth in 28 U.S.C. § 1658.

    A.    **The SAC Fails to Identify any Participation by Chisholm and Nilson in the Purported Fraud.**

The SAC includes one paragraph each identifying and purportedly describing the participation of Defendants Chisholm and Nilson in the alleged fraud.  (*See* SAC ¶¶ 37-38.)

Each paragraph merely states that Chisholm and Nilson were shareholders of CBN and were engaged in the practice of public accounting. These paragraphs describe Chisholm and Nilson as shareholders of CBN, despite the fact that the SAC also describes CBN as a limited liability company. (*Id.* at ¶ 36.) With a very broad brush, the SAC alleges that Chisholm and Nilson "personally took part in the acts complained of herein." (*Id.* at ¶¶ 37-38.)

The SAC is subject to the heightened pleading requirements of FED. R. CIV. P. 9(b) and the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4 ("PSLRA"). The PSLRA requires a plaintiff to specify misleading statements and "state with particularity facts giving rise to a strong inference" of scienter. Applying the PSLRA, courts have held that "general awareness of the day-to-day workings of the company's business does not establish scienter—at least absent some additional allegation of specific information conveyed to management and related to the fraud." *Metzler v. Corinthian*, 540 F.3d 1049, 1068 (9th Cir. 2008). In other words, in order to successfully plead scienter under the PSLRA, a plaintiff must "plead scienter with respect to those individuals who actually made the false statements." *Glazer Capital Management v. Magistri*, 549 F.3d 736, 745 (9th Cir. 2008). Courts require that a plaintiff "must allege facts sufficient to raise a strong inference of scienter with respect to each individual defendant." *R2 Investments LDC v. Phillips*, 401 F.3d 638, 643 (5th Cir. 2005). As one court noted, a plaintiff "must create [the inference of scienter] with respect to each individual defendant in multiple defendant cases." *Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3rd Cir. 2007) (quoting *Makor Issues and Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 603 (7th Cir. 2006), reversed on other grounds, 127 S. Ct. 2499 (2007)). In order to plead scienter under the PSLRA, a plaintiff must "distinguish among those they sue and enlighten *each defendant* as to his or her particular part in the alleged fraud." *Southland Securities v. Inspire Ins. Solutions*, 365 F.3d 353, 365 (5th Cir. 2004) (emphasis in original).

In the present case, the SAC does not include a single fact that describes any role or participation of Chisholm or Nilson in the alleged fraud. Plaintiffs cannot satisfy the requirements of the PSLRA by merely alleging with a broad brush that they participated in the fraud. For these reasons, the SAC fails to comply with either Rule 9(b) or the PSLRA, and must be dismissed as to Chisholm and Nilson.

### B. The Claims Against Chisholm and Nilson are Barred by the Statute of Limitations.

The limitations period applicable to fraud claims under the Exchange Act is found in 28 U.S.C. § 1658. This section provides that a claim of fraud "may be brought not later than the earlier of—(1) 2 years after the discovery of the facts constituting the violation. . . ." 28 U.S.C. § 1658(b)(1). The Ninth Circuit has held that the limitations period under § 1658 begins to run when a plaintiff is on inquiry notice, and "[a] plaintiff is on inquiry notice when there exists sufficient suspicion of fraud to cause a reasonable investor to investigate the matter further." *Betz v. Trainer Wortham*, 504 F.3d 1017, 1022, 1024 (9th Cir. 2007). The SAC was filed on November 9, 2009. The SAC makes it very clear that Plaintiffs learned of the fraudulent scheme no later than October 9, 2007. (SAC ¶ 128.) Plaintiffs have brought their claims against Chisholm and Nilson outside the two-year period specified in § 1658, and the claims are barred.

Plaintiffs may argue that their claims should relate back to the filing of one of the earlier complaints. FED. R. CIV. P. 15(c) governs the relation back of amended pleadings. This provision provides that an amendment which "changes the party or the naming of the party against whom a claim is asserted" may relate back if the party to be brought in:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the property party's identity.

FED. R. CIV. P. 15(c)(1)(C).

The Ninth Circuit addressed the relation back standard in *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853 (9th Cir. 1986). In *Kilkenny*, the court noted:

> Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party. Rule 15(c) was never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation.

*Id.* at p. 857-58. In *Kilkenny*, the court ruled that a proposed amended pleading adding new parties would not relate back to an earlier filing because plaintiff failed to amend the pleading to add the new parties within the limitations period, despite having knowledge of the potential new defendants. *Id.* at p. 857. In these circumstance, the court concluded that:

> A plaintiff's failure to amend its complaint to add a defendant after being notified of a mistake concerning the identity of a proper party therefore may cause the unnamed party to conclude that it was not named because of strategic reasons rather than as a result of the plaintiff's mistake.

*Id.*

In the present case, it is very difficult to imagine that Plaintiffs did not know the identity of Chisholm and Nilson prior to the expiration of the limitations period. It is very apparent that Plaintiffs knew full well of the identity of Chisholm and Nilson, but chose to name them in the SAC as defendants for their own strategic purposes, not because of any issue concerning mistaken identity. Since the identity of Chisholm and Nilson was undoubtedly known, Plaintiffs' actions led Chisholm and Nilson to believe that they were not named as parties for strategic reasons, not because of any mistake concerning their identity. In these circumstances, the SAC will not relate back, and should be dismissed as to Chisholm and Nilson.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the SAC as to Chisholm and Nilson.

DATED this 15\ :sup:`th` day of January, 2010.

                                          KRUSE LANDA MAYCOCK & RICKS, LLC

                                          /s/Steven G. Loosle
                                          Steven G. Loosle
                                          *Attorneys for Chisholm, Bierwolf & Nilson LLC*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of January, 2010, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION OF TODD CHISHOLM AND TROY NILSON TO DISMISS SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

**Charles Matthew Andersen**
cma@winstoncashatt.com

**Thomas A. Banducci**
tbanducci@bwslawgroup.com,kgarcia@bwslawgroup.com,rsoni@bwslawgroup.com,lharris@bwslawgroup.com,wwoodard@bwslawgroup.com,ssmith@bwslawgroup.com

**Courtney R Beaudoin**
crb@winstoncashatt.com

**Bruce S Bistline**
bbistline@gordonlawoffices.com

**Angelo J Calfo**
acalfo@yarmuth.com,srasmussen@yarmuth.com

**Katrina Carroll**
kcarroll@ldgrlaw.com

**Matthew A Carvalho**
mcarvalho@yarmuth.com,smeyer@yarmuth.com

**Joseph J. DePalma**
jdepalma@ldgrlaw.com

**William G Dryden**
wgd@elamburke.com,buff@elamburke.com

**W. Adam Duerk**
aduerk@bigskylawyers.com

**Philip Howard Gordon**
pgordon@gordonlawoffices.com,bbistline@gordonlawoffices.com

**Philip M Guess**
philg@klgates.com,rhonda.hinman@klgates.com,SEDocketing@klgates.com

**Lewis S Kahn**
lewis.kahn@kgscounsel.com

**Richard A Kirby**
richard.kirby@klgates.com

**Nathan M Longenecker**
longenecker@twhlaw.com,fisk@twhlaw.com

**Kim E Miller**
kim.miller@kgscounsel.com

**Ted C. Murdock**
tmurdock@hollandhart.com,jlcalhoun@hollandhart.com,
boiseintaketeam@hollandhart.com

**Bryan A Nickels**
ban@hallfarley.com,kat@hallfarley.com

**Laurence M. Rosen**
lrosen@rosenlegal.com

**Jennifer Sarnelli**
jsarnelli@ldgrlaw.com

**Kevin J Scanlan**
kjs@hallfarley.com,klm@hallfarley.com

**Jennifer F Sherrill**
jfs@federmanlaw.com

**B Newal Squyres**
nsquyres@hollandhart.com,sdalonzo@hollandhart.com,
boiseintaketeam@hollandhart.com

**Kim C Stanger**
kstanger@hawleytroxell.com,sclark@hawleytroxell.com

**Stephen R Thomas**
srt@moffatt.com,cld@moffatt.com,moffattthomas@hotmail.com,ecf@moffatt.com,
tmh@moffatt.com,sec@moffatt.com

**Thomas G Walker**
twalker@cosholaw.com,pcarson@cosholaw.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participants via first class mail, postage prepaid, addressed as follows:

Michael A. Swick
Kahn Gauthier Swick, LLC
12 East 41st Street, 12th Floor
New York, NY 10017

/s/Lynn Javadi