Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
**GORDON LAW OFFICES**
623 W. Hays St.
Boise, Idaho 83702
Telephone: (208) 345-7100
Fax: (208) 345-0050
Email: pgordon@gordonlawoffices.com
Email: bbistline@gordonlawoffices.com

Phillip Kim, Esq.
Laurence M. Rosen, Esq.
**THE ROSEN LAW FIRM, P.A.**
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ATLAS MINING COMPANY SECURITIES LITIGATION | Master File No.:  07-428-N-EJL<br><br>**CLASS ACTION**<br>REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE ROSEN LAW FIRM'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES |

## PRELIMINARY STATEMENT

The Rosen Law Firm, P.A. (The "Rosen Firm") and Gordon Law Offices (the

"Gordon Firm") respectfully submit this reply memorandum of law in further support of

Reply Memorandum of Law in Further Support of
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses

their motion for an award of attorneys' fees and reimbursement of expenses from the common fund settlement of the above -referenced consolidated securities class action (the "Action").

Lead counsel has filed a vituperative opposition asserting that the Rosen Firm's and the Gordon Firm's (working under the direction of the Rosen Firm) contributions to the Class should be valued at *zero* and that the Firms should not even be reimbursed for their expenses.  Lead counsel's position is *per se* unreasonable because without the efforts of the Rosen Firm in discovering and investigation of the Class' claims and drafting and filing the first complaint on behalf of the Class, there would have been no Class action and no recovery for the Class.

Consonant with the decisions of district and circuit courts throughout the country, the Rosen and Gordon Firms respectfully request that the Court award them reasonable attorneys' fees and reimbursement of expenses for their efforts that have contributed to obtaining the recovery for the Class.

## ARGUMENT

### A. The Rosen Law Firm's Initial Investigation Of The Claims In This Action Has Provided A Substantial Benefit To The Class

The Rosen Firm's investigation and initial complaint was the foundation of this lawsuit, as explained in the opening papers.  Absent the Rosen Firm's discovering and investigating the Class' claims and drafting and filing the first complaint, there would have been no class action and no Settlement benefiting Class members.  Any suggestion to the contrary is baseless speculation.

Reply Memorandum of Law in Further Support of          2
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses

In analyzing a law firm's contribution to the Class, there is an important distinction between the law firm that independently identifies and investigates the Class' claims, and files the first complaint, and those firms that, after reviewing the first-filed complaint, file copy-cat complaints based upon that first law firm's work.  Lead counsel contends that its follow-on complaint, which was modeled on the Rosen Firm's, added additional detail and is lengthier.  That Lead counsel has done additional work to benefit the Class, on top of the initial investigation and complaint drafted by the Rosen Firm, is not disputed.  The issue before this Court is whether the Rosen Firm has performed legal services in this Action to benefit the Class?  The answer is clearly yes.  *See, e.g., In re Independent Energy Holdings PLC Sec. Litig.*, 302 F.Supp2d 180, 181 (S.D.N.Y. 2003) (awarding fees to non-lead counsel and finding that non-lead counsel's complaint benefited the class even though operative consolidated complaint filed by lead counsel contained additional was more detailed); *see also Gotlieb v. Barry*, 43 F.3d 474, 489 (10thCir. 1994) ("[W]e fail to see why the work of counsel later designated as class counsel should be fully compensated, while the work of counsel who were not later designated class counsel … should be wholly uncompensated.").[1]

---

[1]  In addition to efforts of the Rosen Firm in investigating and initiating this Action, the Firm aided the Class by revealing to Lead counsel defects in their proposed strategy. During the lead plaintiff process, the Rosen Firm brought to the attention of the Court the fact that Lite DePalma's initial complaint entitled *O'Hern v. Atlas Mining Company, et al.*, No. 07-CV-449-EJL-MHW (Nov. 26, 2007) was filed with a client, Daniel O'Hern, Sr., who had no standing to bring suit because he had not purchased any shares in the class period and suffered no loss.  *See* Docket no. 22, at p. 12.  In response, the O'Hern Group argued this was done because "Counsel has a good faith basis to believe that the Class Period actually begins sometime in 2004… and would likely plead that extended Class Period if it is appointed counsel in this action."  Docket no. 32, at p. 4.  In the ultimate operative amended complaint, lead counsel apparently heeded the Rosen Firm's

Reply Memorandum of Law in Further Support of          3
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses

The cases cited by lead counsel are off the mark and not applicable to the facts in this Action. *In re Tut Sys. Sec. Litig.*, 2007 WL 1722420 (N.D. Cal. Jun. 13, 2007), involved a case where non-lead counsel sought a *referral fee* of $200,000 for merely referring a client to the eventual lead counsel.  Moreover, unlike here, non-lead counsel did not even draft the complaint and merely forwarded a draft complaint that lead counsel had drafted for the referred client. *Id.*, at *2-*3.  In *In re Heritage Bond Litig.*, 2005 WL 1594389 (C.D. Cal. Jun. 10, 2005) involved a situation where non-lead counsel sought attorneys' fees for filing a *follow-on copy-cat complaint* and the Court refused to award non-lead counsel fees.  The court explained that there was no benefit to the class from the filing of a "fourth putative class action complaint filed in federal court…." *Id.*, at *18 (citing *In re Cendant Corp. Sec. Litig.*, 404 F.2d 173 (3d Cir. 2005) (filing a duplicative complaint for consolidation with an already pending action, does not confer a benefit on the class and is not compensable.)).

Thus, the ultimate question for the Court is now:  What is a reasonable fee for the services performed by the Rosen Firm under the circumstances here?

### B. **A Fee Award Based on a Pro-Rata Percentage of Each Firm's Lodestar is Fair**

Lead counsel asserts that the Rosen Firm (and Gordon Firm) should not be paid *any* legal fees because it would amount to 21% of the entire fee award.  The fair resolution is to award the Rosen Firm a reasonable fee based on a pro-rata portion of each law firm's lodestar.  For example, Lead counsel (and their liaison counsel) claims to have

---

arguments and did not extend the Class Period back to 2004.

Reply Memorandum of Law in Further Support of          4
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses

worked 1,535.75 hours for a total lodestar of $598,002.  The Rosen Firm has a lodestar of $62,152.75 based on 125.96 hours of work.   The Gordon Firm has a lodestar of $11,267.50 based on 29.20 hours of work.   Based on the respective lodestars and contributions to the Class, the Court should reasonably allocate 87.8% of the total fee awarded to Lead counsel, and 10.4% and 1.8% of the total fee awarded to the Rosen Firm and Gordon Firm, respectively.

Alternatively, if the Court determines that the Rosen and Gordon Firms are entitled compensation for discovering and investigating the Class' claims and drafting the initial complaint, but not for work on the lead plaintiff motion, the pro-rata of the attorney fee award would be 96.9% to Lead counsel and 2.5% to the Rosen Firm (based on a lodestar of $14,997), and 0.6% to the Gordon Firm (based on a lodestar of $3,712.50).

## CONCLUSION

Based on the foregoing, the Court should grant the motion and award the Rosen Law Firm P.A. and Gordon Law Offices reasonable attorneys' fees and reimbursement of out of pocket expenses.

Respectfully submitted,

Dated: January 15, 2010         **GORDON LAW OFFICES**


        /s/  Philip Gordon
Philip Gordon, ISBN 1996
Bruce S. Bistline, ISBN 1988
623 W. Hays St.
Boise, Idaho 83702

Reply Memorandum of Law in Further Support of         5
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses

Telephone: (208) 345-7100
Fax: (208) 345-0050

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827

Reply Memorandum of Law in Further Support of       6
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of January 2010, a true and correct copy of the foregoing document, was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Philip Gordon

Reply Memorandum of Law in Further Support of          7
The Rosen Law Firm's Motion For An Award of Attorneys' Fees and
Reimbursement of Expenses