Ellen Maycock (*Pro Hac Vice*)
Steven G. Loosle (*Pro Hac Vice*)
KRUSE LANDA MAYCOCK & RICKS, LLC
136 East South Temple
Twenty-First Floor
P.O. Box 45561
Salt Lake City, UT 84155-0561
Telephone:  (801) 531-7090
Facsimile:  (801) 531-7091
Email:  emaycock@klmrlaw.com; sloosle@klmrlaw.com

Kim C. Stanger, ISB No. 5783
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  (208) 344-6000
Facsimile:  (208) 342-3829
Email: kstanger@hawleytroxell.com

*Attorneys for Chisholm, Bierwolf & Nilson, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
(BOISE)

| | |
|---|---|
| IN RE: ) <br> ) <br> ATLAS MINING COMPANY, ) <br> SECURITIES LITIGATION ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 07-428-N-EJL <br><br> **REPLY MEMORANDUM IN SUPPORT OF TODD CHISHOLM AND TROY NILSON'S MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Defendants Todd Chisholm ("Chisholm") and Troy Nilson ("Nilson") have filed a Motion to Dismiss the Second Amended Consolidated Class Action Complaint for violation of Federal Securities Laws (the "SAC").  Plaintiffs have opposed the motion, and Chisholm and Nilson hereby submit this reply memorandum in support of their motion.

**DISCUSSION**

Chisholm and Nilson have moved to dismiss the SAC on two grounds.  First, Chisholm and Nilson have asserted that the SAC must be dismissed because it fails to identify any

participation by them in the purported fraud described in the SAC. Second, Chisholm and Nilson have asserted that Plaintiffs' claims are barred by the statute of limitations. Plaintiffs' arguments in their opposing memorandum are not persuasive, and the Court should dismiss the claims against Chisholm and Nilson.

A. **The SAC Fails to Identify Any Participation by Chisholm and Nilson in the Purported Fraud.**

Plaintiffs argue that it is adequate to plead merely in a general way that Chisholm and Nilson personally took place in the alleged fraud. (Opposing Memorandum, pp. 38-40.) Plaintiffs assert that an inference of scienter can be drawn against Chisholm and Nilson merely because the accounting firm Chisholm, Bierwolf & Nilson ("CBN") allegedly made false statements and Chisholm and Nilson were shareholders of CBN.

The Ninth Circuit addressed plaintiff's arguments in *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009). In *Zucco Partners*, the court stated:

> [W]e have previously found inadequate complaints alleging that "facts critical to a business's core operations or an important transaction generally are so apparent that their knowledge may be attributed to the company and its key offices."

*Id.* at 1000 (quoting *In re: Read-Rite Corp. Sec. Litig.*, 335 F.3d 843, 848 (9th Cir. 2003)). The court noted two exceptions to this rule. One exception is:

> [F]alsity may itself be indicative of scienter where it is combined with "allegations regarding a management's role in the company" that are "particular and suggest that the defendant had actually access to the disputed information," and where "the nature of the relevant fact is of such prominence that it would be 'absurd' to suggest that management was without knowledge of the matter."

*Id.* (quoting *South Ferry v. Killinger*, 542 F.3d 776, 786 (9th Cir. 2008). This exception requires "detailed and specific allegations about management's exposure to factual information." *Id.* (quoting *South Ferry*, 542 F.3d at 785). According to the Ninth Circuit, to satisfy the standard, plaintiffs should include in their complaint "specific admissions from top executives that they are

involved in every detail of the company and that they monitored portions of the company's database." *Id.* (quoting *In re: Daou Systems, Inc.*, 411 F.3d 1006, 1022-23 (9th Cir. 2005)).

The SAC includes no detailed information about Chisholm and Nilson and what their role is in the company generally or with respect to the audits in questions. The SAC only alleges that Chisholm and Nilson were shareholders, and the SAC generally asserts that they were personally included in the audit.

According to the court in *Zucco Partners*, the second exception "permits an inference of scienter where the information misrepresented is readily apparent to the defendant corporation's senior management." *Id.* at 1001. This exception applies when defendants "must have known" of the falsity of the information because it "was obvious from the operations of the company." *Id.* This exception applies to demonstrate scienter when "the falsity is patently obvious—where the 'facts [are] prominent enough that it would be 'absurd to suggest' that top management was unaware of them.'" *Id.* (quoting *Berson v. Applied Signal Tech, Inc.*, 527 F.3d 982, 989 (9th Cir. 2008)).

The SAC pleads no facts demonstrating the applicability of the second exception. In no respect is the recognition of revenue from the NaturalNano transaction obviously wrong such that Nilson and Chisholm would be aware of this fact by virtue of being members of CBN.

Plaintiffs cannot plead scienter as to Chisholm and Nilson individually without pleading facts establishing their participation such that a strong inference of scienter is demonstrated for each individual. The SAC fails to do so.

**B. The Claims Against Chisholm and Nilson are Barred by the Statute of Limitations.**

Plaintiffs contend that they did not learn about their claims against CBN until some time after their appointment as Lead Plaintiffs on March 25, 2008, and before the filing of the SAC on July 28, 2008. Plaintiffs further contend that they did not learn about the involvement

individually of Chisholm and Nilson in the audits until approximately 2009. They assert that the earliest that the limitations period could have begun to run was March 25, 2008, and, therefore, the SAC was filed within the limitations period. Plaintiffs' assertions are not consistent with the facts alleged in the SAC.

Since Chisholm and Nilson filed their motion, the United States Supreme Court has decided the case of *Merck & Co., Inc. v. Reynolds*, 2010 U.S. Lexis 3671 (April 27, 2010). In this case, the court addressed when the limitations period for securities fraud begins to run. The court stated "the limitations period in Section 1658(b)(1) begins to run once the plaintiff did discover or a reasonably diligent plaintiff would have 'discover[ed] the facts constituting the violation'—whichever comes first." In the SAC, Plaintiffs admit that they learned of the fraud on October 9, 2007.

> Paragraph 14 of the SAC states as follows:
>
> The company's fraud was first revealed to the market on October 9, 2007. On that day, before market opened, the company shockingly revealed that its prior financial statements for the fiscal years ended December 31, 2004, 2005, and 2006 were materially false and misleading and had to be restated. The restatements were necessary, as admitted by the company, because Atlas had wrongfully inflated its revenues and under reported net losses and long-term liabilities by improperly recognizing as revenues speculative, *future* deliveries of halloysite clay from Atlas's Dragon Mine that were never delivered. In fact, Atlas had never processed or sold any halloysite clay to the market (other than providing small samples and providing one ton of impure product to NaturalNano) and did not have any viable halloysite business. Rather, Atlas had created the illusion of a viable halloysite business through this undisclosed accounting fraud.

(SAC, ¶ 14; *see also*, Form 8-K filed October 9, 2007, Exhibit 5.)

As of October 9, 2007, a reasonably diligent plaintiff would have known that CBN was the auditor for Atlas, and, therefore, responsible for the purported accounting fraud alleged by Plaintiffs. CBN's role as auditor was readily ascertainable from Atlas's public filings with the SEC. (*See* Atlas's annual reports for the years 2004, 2005, and 2006, Exhibits 1, 2, and 3.)

Thus, Plaintiffs admit in their pleadings that they knew of the accounting fraud on October 9, 2007, and Plaintiffs either knew or should have known that CBN was the auditor for Atlas because it was plainly disclosed in the annual reports in question. Clearly, the limitations period began to run on October 9, 2007.

Plaintiffs also argue that even if the claims against Chisholm and Nilson and were not brought within the limitations period, the claims should relate back to the filing of the SAC, which was filed on July 28, 2008. This argument fails, however, because Plaintiffs cannot demonstrate that they failed to name Chisholm and Nilson as defendants because of "a mistake concerning the proper parties' identity." FED. R. CIV. P. 15(c)(1)(C)(ii).

A party seeking to amend must meet the requirements of Rule 15(c), and "[t]he requirements for changing parties in the complaint are more stringent than those imposed for changing or adding claims." *Brink v. First Credit Resources*, 57 F. Supp. 2d 848, 853 (D. Az. 1999). In order to satisfy the mistake element, Plaintiffs must demonstrate that Chisholm and Nilson knew or should have known that but for a mistake concerning their identity, claims would have been asserted against them in the original complaint.

In the present case, Plaintiffs unequivocally admit in the SAC that they learned of their fraud claims on October 9, 2007. Shortly thereafter, Plaintiffs were appointed as Lead Plaintiffs, and they filed the SAC on July 28, 2008. The SAC named CBN as a defendant, but does not name Chisholm and Nilson individually. Obviously, Plaintiffs knew of the identity of Chisholm and Nilson at the time they filed the SAC in July 2008, because Chisholm and Nilson are name partners in the accounting firm. Plaintiffs assert that they did not name Chisholm and Nilson individually as defendants because they did not learn of their participation in the audits in question until July of 2009. Even if this assertion is true, Plaintiffs, by their own admission,

knew of the claims against Chisholm and Nilson in July of 2009, before the limitations period expired.

In *Brink*, the court explained the law with respect to the relation back of amendments. The court stated as follows:

> In one situation, the plaintiff is aware of the potential defendant's identity at the time the original complaint is filed but is uncertain whether the potential defendant may be found liable. In this situation, the amendment to add a party that plaintiff had known of from the outset is never allowed. In the second situation, the plaintiff is unaware of a potential defendant or its identity at the time the complaint is filed, learns of the potential defendant within the time established in the statute of limitations, but seeks to add only after the statute of limitations has expired.
>
> In these two situations, the plaintiff's failure to add the defendant(s) before the expiration of the statute of limitations cannot be characterized as a "mistake concerning. . . . identity" because the plaintiff was aware of the new party's identity before the statute of limitations had run. The defendant deserves the protection of the statute of limitations because he or she may believe that plaintiff made a conscious decision not to include him or her. The Ninth Circuit concluded that the purpose of Rule 15(c) is not served by allowing the plaintiff to amend in these situations. . . .

*Id.* at p. 856 (citations omitted).

In the present case, Plaintiffs either knew or should have known of the identify of Chisholm and Nilson on October 9, 2007. It is on this date that, according to the SAC, the fraudulent accounting scheme was revealed. As of this date, Plaintiffs could have learned of CBN's identity from Atlas's public reports, and Chisholm and Nilson were clearly identified as name partners of CBN. Furthermore, by Plaintiffs' own admission, they knew of claims individually against Chisholm and Nilson at least as of July 2009, before the limitations period expired. In these circumstances, it cannot be concluded that there was a mistake concerning the identity of Chisholm and Nilson within the meaning of Rule 15(c). Rather, as stated by the court in *Brink* and by the Ninth Circuit in *Kilkenny v. Arco Maine, Inc.*, 800 F.2d 853 (9th Cir. 1986), Plaintiffs' claims against Chisholm and Nilson do not relate back because they "may [have]

believe[d] the plaintiff made a conscious decision not to include" them.  *Brink*, 57 F. Supp. 2d at 856.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the claims against Chisholm and Nilson.

DATED this 12th day of May, 2010.

                                        KRUSE LANDA MAYCOCK & RICKS, LLC

                                        /s/Steven G. Loosle
                                        Steven G. Loosle
                                        *Attorneys for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of May, 2010, I electronically filed the foregoing REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

**Charles Matthew Andersen**
cma@winstoncashatt.com

**Thomas A. Banducci**
tbanducci@bwslawgroup.com,jrose@bwslawgroup.com,lharris@bwslawgroup.com,
wwoodard@bwslawgroup.com,mream@bwslawgroup.com,
jdempsey@bwslawgroup.com,ssmith@bwslawgroup.com

**Courtney R Beaudoin**
crb@winstoncashatt.com

**Bruce S Bistline**
bbistline@gordonlawoffices.com

**Angelo J Calfo**
acalfo@yarmuth.com,srasmussen@yarmuth.com

**Katrina Carroll**
kcarroll@ldgrlaw.com

**Matthew A Carvalho**
mcarvalho@yarmuth.com,smeyer@yarmuth.com

**Joseph J. DePalma**
jdepalma@ldgrlaw.com

**William G Dryden**
wgd@elamburke.com,buff@elamburke.com

**W. Adam Duerk**
aduerk@bigskylawyers.com

**Philip Howard Gordon**
pgordon@gordonlawoffices.com,bbistline@gordonlawoffices.com

**Philip M Guess**
philg@klgates.com,rhonda.hinman@klgates.com

**Lewis S Kahn**
lewis.kahn@ksfcounsel.com,ecf.notices@ksfcounsel.com

**Richard A Kirby**
richard.kirby@klgates.com

**Nathan M Longenecker**
longenecker@twhlaw.com,ira@twhlaw.com

**Kim E Miller**
kim.miller@ksfcounsel.com,ecf.notices@ksfcounsel.com

**Ted C. Murdock**
tmurdock@hollandhart.com,jlcalhoun@hollandhart.com,
boiseintaketeam@hollandhart.com

**Bryan A Nickels**
ban@hallfarley.com,kat@hallfarley.com

**Laurence M. Rosen**
lrosen@rosenlegal.com

**Kevin J Scanlan**
kjs@hallfarley.com,klm@hallfarley.com

**Jennifer F Sherrill**
jfs@federmanlaw.com

**B Newal Squyres**
nsquyres@hollandhart.com,sdalonzo@hollandhart.com,
Boiseintaketeam@hollandhart.com

**Kim C Stanger**
kstanger@hawleytroxell.com,sclark@hawleytroxell.com

**Michael A. Swick**
michael.swick@ksfcounsel.com

**Stephen R Thomas**
srt@moffatt.com,cld@moffatt.com,moffattthomas@hotmail.com,ecf@moffatt.com,tmh@moffatt.com,sec@moffatt.com

**Thomas G Walker**
twalker@cosholaw.com,pcarson@cosholaw.com

**Mark A Wielga**
wielga@twhlaw.com,fisk@twhlaw.com,casey@twhlaw.com

/s/Lynn Javadi